THE STATE OF OHIO, APPELLEE, *v.* McCAIG, APPELLANT.

(No. WD-87-75—Decided June 30, 1988.)

*Albert L. Potter II,* for appellee.
*Jill E. Schurr,* county public defender, for appellant.

*Per Curiam.* This appeal results from appellant's conviction in the Bowling Green Municipal Court following a plea of no contest to the charge of driving under the influence of alcohol. Appellant, Dale J. McCaig, was involved in a minor motor vehicle accident on September 4, 1987 in which he was not at fault. A state trooper was called to the scene of the accident and proceeded to investigate. Following his conversations with appellant during the course of the investigation, the trooper determined that in his judgment, based upon observation, testing and the admissions of appellant, that appellant had been driving his automobile while under the influence of alcohol. He issued a citation accordingly, the legal process commenced and the conviction has resulted in this appeal. Appellant suggests as his single assignment of error, the following proposition:

"The trial court erred, as a matter of law, in denying appellant's motion to suppress since there is insufficient evidence to support a finding that there was probable cause to arrest the appellant for operating a motor vehicle while under the influence of alcohol."

There is little question about the status of the law which is involved in this appeal and both parties agree that Ohio courts have consistently applied the totality-of-the-circumstances test to determine if there were reasonable grounds to believe that a person had been operating a motor vehicle while under the influence of alcohol. *Atwell v. State* (1973), 35 Ohio App. 2d 221, 64 O.O. 2d 342, 301 N.E. 2d 709. This court has applied that same test to numerous cases and it is always necessary to consider the facts of each case to determine whether or not probable cause existed.

The highway patrolman testified to his training and experience in this case and then most specifically testified to the following pertinent observations made at the scene: (1) The officer testified that he asked appellant if he had been consuming any alcoholic beverages prior to the accident and appellant stated that he had had three beers prior to the accident. (2) The officer testified further that he conducted the gaze nystagmus test to assist him in determining whether or

not appellant had been consuming alcoholic beverages. The results of that test, given by a qualified officer, led the officer to the conclusion that appellant was under the influence of alcoholic beverages. (3) The officer further testified that appellant had an odor of alcoholic beverage on his presence. (4) He specifically testified that the speech of appellant was very, very sloppy. The officer further testified that appellant's walking was not real steady at the time but he was compelled to discount this factor as appellant indicated he had a bad nerve in his left ear and that did not allow him to do any field tests.

Thus, there were four specific factors which this officer observed, any one of which standing alone may not have been sufficient to arouse his suspicion, but, taken in their totality and in the opinion of this court provided the necessary probable cause to arrest appellant for operating a motor vehicle while under the influence of alcohol. Therefore, appellant's sole assignment of error is found not well-taken.

Accordingly, finding that appellant was not prevented from having a fair hearing, we affirm the judgment of the trial court and order this case remanded for execution of sentence.

*Judgment affirmed.*

HANDWORK and GLASSER, JJ., concur.

CONNORS, J., dissents.

CONNORS, J., dissenting. I must respectfully dissent.

The threshold question presented in the defendant's motion to suppress was whether or not, under the totality of the circumstances existing at the time the defendant was arrested, the trooper had probable cause to arrest defendant and thereafter to charge him with a violation of R.C. 4511.19.

After a hearing on defendant-appellant's motion to suppress, the trial court overruled the motion; the defendant-appellant then entered a plea of no contest with a consent to a finding of guilty. The trial court then found defendant guilty of driving under the influence of alcohol and sentence was imposed. It is from this finding and sentence that defendant appeals and sets forth his sole assignment of error as follows:

"The trial court erred, as a matter of law, in denying appellant's motion to suppress since there is insufficient evidence to support a finding that there was probable cause to arrest the appellant for operating a motor vehicle while under the influence of alcohol."

From the testimony set forth in the transcript of the record, I am of the opinion that (bearing in mind that the state has the burden of proof) the state, through the testimony of its only witness, the arresting officer, did not present sufficient evidence to support a finding of probable cause for arrest, even under the concept of what federal and Ohio law refer to as the totality of circumstances. Inasmuch as my respected colleagues have made only very generalized references to the record, in support of my position I believe a thorough review of the facts at the time of the arrest and testimony of the arresting officer at the hearing to suppress is necessary.

The situs of the arrest was in the village of Grand Rapids, Wood County, Ohio. The main street of this small rural village is three short city blocks in its entire length. A court may take judicial notice of this fact. The incident occurred on September 4, 1987. Defendant drove his car down the main street of the village. The record reflects no testimony of excessive speed or erratic driving. As defendant

was proceeding lawfully, a pickup truck suddenly backed out of an alley directly into the path of defendant. A minor vehicle collision occurred. The arresting officer, a state highway patrolman, was summoned. The accident happened so quickly the defendant did not have a chance to stop or turn to avoid the collision. Nor did he have a chance to blow his horn. After investigating the accident, the officer cited the *other* driver for improper backing and then turned his attention to defendant, who admitted he had three beers at a nearby tavern. The trooper began to test the defendant for intoxication. He gave the defendant the standard horizontal gaze nystagmus test and then made the arrest.

The United States Supreme Court held that the test for probable cause focused on the totality of circumstances in *Beck* v. *Ohio* (1964), 379 U.S. 89, 91, and the Ohio courts in a series of cases have followed that pronouncement. What is the totality of circumstances in this case?

At the hearing to suppress, the state failed, from the record, to present testimony as to the observations which would have implied that defendant was obviously under the influence. Moreover, the patrolman was presented with a credible, exculpatory version by defendant as to the cause of the accident with no evidence whatsoever to refute the same. In fact, the evidence presented supports the defendant's version of the accident.

This court has previously held that in order to be under the influence a defendant must have consumed alcohol to such an extent as to appreciably impair his ability to operate a motor vehicle. *Toledo* v. *Starks* (1971), 25 Ohio App. 2d 162, 54 O.O. 2d 339, 267 N.E. 2d 824. In certain circumstances, an officer viewing the scene of an accident and observing an odor of alcohol about a driver could directly infer therefrom

that the driver's ability to operate a motor vehicle was appreciably impaired by the influence of alcohol. However, an officer who views the scene of an accident but does not gather any evidence to refute a credible version of the accident not based on impaired driving abilities, and in fact cites the other driver, cannot support an arrest based solely on the existence of a minor accident and an odor of alcohol about the driver. See *Sylvania* v. *Grockowski* (Dec. 19, 1986), Lucas App. No. L-86-124, unreported.

There was no evidence at the suppression hearing which would indicate that defendant had violated any laws while operating his vehicle. The evidence is quite the contrary and unrefuted. To this point, there was no articulable and reasonable suspicion of the commission of an offense by defendant upon which the officer could detain him. *Delaware* v. *Prouse* (1979), 440 U.S. 648.

Under the totality-of-the-circumstances test, the evidence will not be based solely on actions of the defendant *prior to and during* the period of time he was driving the vehicle, but will also include his actions *immediately after* getting out of his vehicle. *Atwell* v. *State* (1973), 35 Ohio App. 2d 221, 64 O.O. 2d 342, 301 N.E. 2d 709, paragraph two of the syllabus.

Seeking probable cause, the officer sought to justify his actions. The officer stated that the defendant "had an odor of alcoholic beverage on his presence." He did not say that the odor was on his breath nor did he inferentially say it had been ingested. He did not (if he were asked—and he wasn't) describe the defendant's appearance or actions in the usual verbiage used by charging officers, *e.g.,* "smelled strongly of alcohol, flushed face, eyes bloodshot, etc., etc." As stated in *State* v. *Taylor* (1981), 3 Ohio App. 3d 197, 198, 3 OBR 224, 225, 444

N.E. 2d 481, 482, "[t]he mere odor of alcohol about a driver's person, not even characterized by such customary adjectives as 'persuasive' or 'strong,' may be indicia of alcoholic ingestion, but it is no more a probable indication of intoxication than eating a meal is of gluttony." As stated in *State* v. *Finch* (1985), 24 Ohio App. 3d 38, 40, 24 OBR 61, 64, 492 N.E. 2d 1254, 1257, "it is not a violation of the law to drive smelling of alcohol." In sum, probable cause was not established by the officer's testimony that the defendant had an odor of alcoholic beverage on his person.

Moving on to another of the state's arguments that the officer had probable cause, we come to the testimony of the officer that the defendant "was not real steady." However, the *officer* then testified that the defendant has a bad nerve in his left ear that affects his balance. It follows that any unsteadiness could be attributed to his nerve problem, or for that matter, the fact that a short time before he had collided with a vehicle that had backed out of an alley directly into his path. The officer next testified that defendant's speech was "sloppy." Yet the officer never inquired as to whether the speech was due to the nerve problem or in fact was due to intoxication, nor did he testify as to whether the speech got better over time, or remained the same. To this point, I am of the opinion that the officer had no probable cause to arrest.

Finally, the officer gave the gaze nystagmus test as the *sole* field sobriety test, although a multitude of other accepted tests, such as saying the alphabet, counting backwards from one hundred by multiples of ten, the finger to nose test, fumbling through a wallet to search for a driver's license, pupil reaction to light, and picking up small coins, were available to make an objective judgment as to his ultimate determination. After giving the one test, and as to that test, at no time during the suppression hearing did the officer indicate upon what he based his decision finding that the defendant had failed the test. He did not state that the defendant's eyes quivered during the test nor did he give any possible score by the defendant on the test. Thus, no evidence is present that would possibly indicate on what basis from the test the officer decided the defendant was intoxicated. The officer simply "felt" the defendant was intoxicated.

Upon a review of the record in toto, at best, all that can be shown is that the defendant smelled of alcohol and, in fact, admitted to drinking three beers. All the remainder of the prosecution's witness' testimony fails as a matter of law or incomplete testimony.

Even stretching the "totality of the circumstances" test to its utmost, I am of the opinion that the prosecution did not even come close to bearing its burden of proof that the officer had probable cause to arrest the defendant-appellant.

For the above-stated reasons, I would reverse the trial court's ruling on the motion to suppress, finding said ruling to be contrary to law.