The STATE of Ohio, Appellee,

v.

MEDCALF, Appellant.

[Cite as *State v. Medcalf* (1996), 111 Ohio App.3d 142.]

Court of Appeals of Ohio,
Fourth District, Washington County.

No. 95CA22.

Decided May 16, 1996.

*Robert J. Smith,* Marietta Assistant Law Director, for appellee.

*Janet A. Fogle,* Washington County Public Defender, and *Teresa D. Schnittke,* Assistant Public Defender, for appellant.

KLINE, Judge.

Defendant-appellant Harry Medcalf was charged with speeding and operating a motor vehicle while under the influence of alcohol. The Marietta Municipal Court denied appellant's motion to suppress the results of a breath-alcohol test, and appellant subsequently entered pleas of no contest to both charges. The court found appellant guilty, and appellant appeals his conviction for operating a motor vehicle while under the influence of alcohol.

Appellant assigns the following error:

"The trial court erred in denying the defendant's motion to suppress the results of a breath-alcohol test."

At approximately 1:40 a.m. on October 1, 1994, an officer of the City of Marietta Police Department observed appellant driving at the rate of fifty-one miles per hour where the speed limit was thirty-five miles per hour. When the

officer stopped appellant, appellant attempted to parallel park between automobiles along the side of the street. Appellant drove forward into a parking space and struck the parked vehicle in front of him. There was no damage to either appellant's car or the car parked in front of him. When appellant turned off his automobile, he left the back portion of his automobile extending into the roadway.

While advising appellant of the speeding violation, the officer smelled the odor of alcohol. Appellant admitted that he had consumed "a couple of beers." The officer then asked appellant to step onto the sidewalk so that the officer could conduct field sobriety tests.

The first test was the horizontal gaze nystagmus test. The officer testified that appellant did "fairly well." The second test was to walk a straight line, and appellant used his arms a little for balance and swayed slightly. Appellant then performed the finger-to-nose test without fault. Finally, the officer asked appellant to stand on one leg and extend the other leg straight out about six inches up. For the last eight seconds, appellant raised his arms and hopped to maintain his balance.

Based upon all of the officer's observations, the officer placed appellant under arrest for operating a vehicle under the influence of alcohol and transported him to the Marietta City Police Department. At the police station, the officer asked appellant to perform additional sobriety tests. Appellant swayed slightly on the balance test, in which he was required to bend over forwards and backwards. Appellant then successfully completed the walking-a-white-line test, turning test, and finger-to-nose test. The officer concluded that appellant performed the tests at the station much better than the tests at the scene. The officer testified that appellant was orderly and cooperative and that he understood the instructions well. Nevertheless, the officer still believed that appellant was under the influence of alcohol.

After the sobriety tests, another officer asked appellant to take a breath test and notified him of the consequences of refusing to take the test. Appellant consented to take the test and the result was .119 gram of alcohol per two hundred ten liters of breath. The officer then charged appellant with operating a motor vehicle under the influence of alcohol in violation of R.C. 4511.19(A)(1) and (3).[1]

---

1. R.C. 4511.19(A) provides as follows:

"(A) No person shall operate any vehicle * * * within this state, if any of the following apply:
"(1) The person is under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse;
"* * * .

Appellant filed a motion to suppress the results of the breath test on the grounds that the officer did not have probable cause to administer the breath test. At the hearing on this motion, the trial court first noted the officer's credibility and the court's intention to accept "his testimony at full face value." The trial court then determined that the officer had probable cause to arrest appellant for operating a motor vehicle under the influence of alcohol. The court stated that it is probably not unusual for someone being stopped by the police to be distracted and park poorly. Regardless of that fact, appellant's poor parking attempt, the odor of alcohol, appellant's marginal performance on the field sobriety tests, and appellant's admission to drinking at least two beers provided the officer with probable cause to arrest.

The trial court next addressed the events that occurred after appellant arrived at the police station, which the court referred to as "the real issue."

"[T]he indications were, again, very credible testimony from the patrolman that he did very well on those field sobriety tests, on-station. Now, that could be because it was, uh, a more well-lit space, uh, weather conditions, better, you know, you were inside versus outside, things of that nature. * * *

" * * * *

"It is this court's opinion that [the officer] had the right to continue his investigation to its conclusion since he had enough information at the scene to make the arrest.

"The conclusion of the investigation would be the ultimate chemical test which was administered, therefore, the court finds that the defendant's constitutional rights have not been violated, the officer did not have to stop his investigation, uh, upon administration of the second set of sobriety evaluations, and the court is going to deny the motion to suppress."

Subsequently, the trial court filed an entry denying the motion.

■ In appellant's assignment of error, he contests the trial court's denial of his motion to suppress the results of the breath-alcohol test. When considering a motion to suppress, the trial court assumes the role of the trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of the witnesses. *State v. Mills* (1992), 62 Ohio St.3d 357, 366, 582 N.E.2d 972, 981. Consequently, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. *State v. Guysinger* (1993), 86 Ohio App.3d 592, 594, 621 N.E.2d 726, 727. The appellate court must then independently determine as a matter of law, without deferring to

---

"(3) The person has a concentration of ten-hundredths of one gram or more by weight of alcohol per two hundred ten liters of his breath. * * * "

the trial court's conclusions, whether the facts meet the applicable legal standard. *State v. Klein* (1991), 73 Ohio App.3d 486, 488, 597 N.E.2d 1141, 1142. Having set forth the nature of our review, we now address the merits of this appeal.

■ Appellant does not contest the propriety of the officer's initial stop of his vehicle or the officer's decision to administer the field sobriety tests. Rather, appellant asserts that once he passed all of the sobriety tests given at the station, the officer no longer had probable cause to administer the breath-alcohol test. Appellant cites *Xenia v. Wallace* (1988), 37 Ohio St.3d 216, 524 N.E.2d 889, for the proposition that probable cause is required for the administration of a breath-alcohol test. Additionally, appellant cites *State v. Finch* (1985), 24 Ohio App.3d 38, 40, 24 OBR 61, 63, 492 N.E.2d 1254, 1256, and *State v. Hughart* (Feb. 23, 1990), Gallia App. No. 88CA21, unreported, 1990 WL 34266, quoting *State v. Finch*, for the proposition that there is no justification for the administration of a breath-alcohol test without evidence of impaired motor coordination. Appellant submits that his satisfactory performance of the field sobriety tests at the station demonstrated no impaired motor coordination and negated the officer's probable cause to arrest at the scene.

Appellant analogizes this situation to the requirement that reasonable suspicion must exist for the duration of an investigative stop. See *State v. Robinette* (1995), 73 Ohio St.3d 650, 653 N.E.2d 695, paragraph one of the syllabus; *State v. Chatton* (1984), 11 Ohio St.3d 59, 11 OBR 250, 463 N.E.2d 1237; *State v. Venham* (1994), 96 Ohio App.3d 649, 655, 645 N.E.2d 831, 834, quoting *State v. Krum* (Sept. 1, 1993), Montgomery App. No. 13668, unreported, 1993 WL 333648. Once probable cause is negated, appellant argues, the defendant must be released. Appellant notes that this argument is consistent with the fact that not every arrest leads to the filing of criminal charges. See, *e.g.*, *State v. Lewis* (1990), 69 Ohio App.3d 318, 320, 590 N.E.2d 805, 806 (defendant not charged with operating a motor vehicle while under the influence of alcohol where a postarrest breath-alcohol test result was below the legal limit).

Appellee counters that appellant is trying to use postarrest evidence to negate probable cause at the time of arrest. Appellee's concentration on the time of the arrest is proper. See *State v. Chelikowsky* (Aug. 18, 1992), Pickaway App. No. 91CA27, unreported 1992 WL 208899 (defendant who contests probable cause to subject him to a breath-alcohol test was actually arguing insufficient probable cause to sustain his arrest). Appellee observes that if the officer had probable cause to arrest defendant, then the officer was permitted by R.C. 4511.191(A) to request a breath-alcohol test.

R.C. 4511.191(A) governs the administration of breath tests and provides in relevant part as follows:

"Any person who operates a vehicle upon a highway or any public or private property used by the public for vehicular travel or parking within this state shall be deemed to have given consent to a chemical test or tests of his * * * breath * * * for the purpose of determining the alcohol * * * content of his * * * breath * * * if arrested for operating a vehicle while under the influence of alcohol * * *. The chemical test or tests shall be administered at the request of a police officer having reasonable grounds to believe the person to have been operating a vehicle upon a highway or any public or private property used by the public for vehicular travel or parking in this state while under the influence of alcohol * * *."

R.C. 4511.19(D)(1) provides that evidence of the concentration of alcohol in a person's breath as shown by a chemical analysis of the breath within two hours of the alleged violation may be admitted in any criminal prosecution for a violation of R.C. 4511.19.

The propriety of the administration of the breath-alcohol test is therefore dependent upon the propriety of the arrest. Before an officer can arrest an individual, the officer must have probable cause to believe that the individual has committed a crime. *State v. Timson* (1974), 38 Ohio St.2d 122, 67 O.O.2d 140, 311 N.E.2d 16, paragraph one of the syllabus. This court must determine whether the officer had probable cause to arrest appellant for driving under the influence of alcohol.

Probable cause exists where there is a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious person in the belief that an individual is guilty of the offense with which he or she is charged. *Huber v. O'Neill* (1981), 66 Ohio St.2d 28, 30, 20 O.O.3d 17, 19, 419 N.E.2d 10, 12, quoting *Ash v. Marlow* (1851), 20 Ohio 119, paragraph one of the syllabus. To determine whether an officer had probable cause to arrest an individual for a violation of R.C. 4511.19(A), the court must examine whether, at the moment of the arrest, the officer had knowledge from a reasonably trustworthy source of facts and circumstances sufficient to cause a prudent person to believe that the suspect was driving while under the influence of alcohol. *Beck v. Ohio* (1964), 379 U.S. 89, 91, 85 S.Ct. 223, 225, 13 L.Ed.2d 142, 146; *State v. Timson*, at paragraph one of the syllabus. Traditionally, courts evaluate the totality of the facts and circumstances when reviewing drunk driving cases. *State v. McCaig* (1988), 51 Ohio App.3d 94, 94, 554 N.E.2d 925, 926; *State v. Finch*, 24 Ohio App.3d at 39–40, 24 OBR at 62–63, 492 N.E.2d at 1255–1256; *Atwell v. State* (1973), 35 Ohio App.2d 221, 226, 64 O.O.2d 342, 344, 301 N.E.2d 709, 713. An arrest for driving under the influence need only be supported by the arresting officer's observations of indicia of alcohol consumption and operation of a motor vehicle while under the influence of alcohol. *State v. Van Fossen*

(1984), 19 Ohio App.3d 281, 283, 19 OBR 452, 453, 484 N.E.2d 191, 193; *State v. Taylor* (1981), 3 Ohio App.3d 197, 198, 3 OBR 224, 225, 444 N.E.2d 481, 482.

In this case, the totality of the circumstances establishes probable cause. Appellant was initially stopped for speeding. He had difficulty parking, and the officer noted that he smelled the odor of an alcoholic beverage. Appellant admitted that he had consumed "a couple of beers." Additionally, appellant did not perform well on the field sobriety tests. The lawful stop, odor of alcohol, performance on the field sobriety tests, and appellant's admission that he had been drinking all support the officer's probable cause to detain and arrest. See *State v. Williams* (1992), 83 Ohio App.3d 536, 539, 615 N.E.2d 317, 319.

Courts have rejected arguments similar to appellant's in other cases. In *State v. Chelikowsky* (Aug. 18, 1992), Pickaway App. No. 91CA27, unreported, 1992 WL 208899, this district declined to find that satisfactory performance on some field sobriety tests negates probable cause for arrest. See, also, *State v. Petway* (Sept. 15, 1994), Cuyahoga App. No. 65162, unreported, 1994 WL 505281 (video-taped postarrest sobriety tests did not exonerate defendant who failed field sobriety tests at the time of his arrest); *State v. Simmons* (Aug. 3, 1990), Washington App. No. 89CA18, unreported, 1990 WL 127065 (satisfactory performance of some coordination tests is only a factor to consider in the totality of the circumstances).

The trial court's factual findings, based upon the officer's testimony, are supported by competent, credible evidence. We have independently determined that those facts establish the officer's probable cause to arrest and consequently to administer the breath-alcohol test. Accordingly, trial court did not err by denying appellant's motion to suppress. For all of the foregoing reasons, we overrule appellant's assignment of error and affirm the judgment of the trial court.

*Judgment affirmed.*

PETER B. ABELE, P.J., and HARSHA, J., concur.