OPINION
This timely appeal arises from a trial court judgment finding Appellant, William C. Brown guilty of violating R.C. 4511.19(A) (3) pursuant to Appellant's plea of no contest. This Court affirms the trial court judgment for the reasons stated herein.
At approximately 1:00 a.m. on October 5, 1995, Trooper Chris Johnson of the Ohio State Highway Patrol observed Appellant walking on an entrance ramp of Interstate 70 in Belmont County, Ohio. When Johnson stopped, Appellant informed him that Appellant's car was in a ditch on State Route 149 near New Athens, Ohio. Appellant stated that he was not the driver of the vehicle and also described his vehicle to Johnson. Johnson observed that Appellant appeared intoxicated at that time but did not perform sobriety tests. Johnson transported Appellant to a Denny's restaurant so that Appellant could call a tow truck. Johnson performed a standard check of Appellant's social security number and learned that Appellant had no driving privileges. Johnson left Appellant and advised him not to drive his vehicle upon its removal from the ditch.
Later that morning, the tow truck company which Appellant contacted notified the Highway Patrol that Appellant was driving his car and that the tow truck driver was following Appellant. Johnson responded and stopped Appellant's vehicle. Noticing signs of intoxication, Johnson administered field sobriety tests which Appellant failed. Johnson arrested Appellant for driving under the influence of alcohol and transported Appellant to the Highway Patrol Post where a BAC test confirmed that appellant had a blood alcohol content of.165.
Appellant was charged with violating R.C. 4511.19(A)(1) and (3) (DUI/DWI), R.C. 4507.02(Driving under suspension), and R.C.4513.263(Seatbelt violation). Appellant moved to dismiss the charges or in the alternative to suppress the evidence obtained. Following a hearing on the matter on October 31, 1995, the trial court denied Appellant's motion in a judgment entry dated December 7, 1995. On January 6, 1996, Appellant changed his former not guilty plea to a plea of no contest whereupon the court found Appellant guilty of a violation of R.C. 4511.19(A) (3) and dismissed the remaining charges. Upon Appellant's request, the court continued sentencing of the matter until February 20, 1996. On February 21, 1996, the court, upon Appellant's request, continued sentencing until April 2, 1996. On that date, the court by journal entry sentenced Appellant to 180 days in jail, $2,500.00 fine, $61.00 court costs and a five year license suspension.
Appellant filed his notice of appeal on April 8, 1996. His sole assignment of error alleges:
 "THE TRIAL COURT ERRED AS A MATTER OF LAW IN OVERRULING THE DEFENDANT-APPELLANT'S MOTION TO DISMISS/SUPPRESS SINCE THERE IS INSUFFICIENT EVIDENCE IN THE RECORD TO SUPPORT A FINDING THAT THE STATE TROOPER HAD PROBABLE CAUSE OR A REASONABLE AND ARTICULABLE SUSPICION TO STOP, TEST AND ARREST THE DEFENDANT BASED ON THE TOTALITY OF THE CIRCUMSTANCES."
In his brief, Appellant limits his argument to one which addresses whether or not the arresting officer had the reasonable and articulable suspicion necessary to conduct an investigative stop. However, we will address both the reasonable suspicion issue and whether there was probable cause to arrest Appellant.
When reviewing a motion to suppress, an appellate court may not disturb a trial court's ruling where such decision is supported by competent, credible evidence. State v. Winand (1996),116 Ohio App.3d 286, 288. "With respect to an investigatory stop, an officer must have a reasonable, articulable suspicion that a person is or has been engaged in criminal activity before he is justified in making the stop." Id., citing Terry v. Ohio (1968),392 U.S. 1. The officer must demonstrate". . . specific and articulable facts which, taken together with rational inferences from those facts, " reasonably warrants an investigative stop.State v. Andrew, s (1991), 57 Ohio St.3d 86, 87, citing Terry v.Ohio at 21.
In determining whether the arresting officer had reasonable suspicion, we must evaluate the totality of the circumstances surrounding the stop. State v. Andrews at 87. "Furthermore, these circumstances are to be viewed through the eyes of the reasonable and prudent police officer on the scene who must react to events as they unfold." Id. at 87-88.
An appellate court must accept the trial court's factual findings and the trial court's assessment of the credibility of witnesses, but independently determines ". . . without deference to the trial court, whether the court has applied the appropriate legal standard." State v. Anderson (l995), 100 Ohio App.3d 688,691.
Upon evaluating the record before us, there exists in the record competent and credible evidence that Johnson had a reasonable and articulable suspicion that Appellant was in violation of the law at the time of the traffic stop. Johnson testified that upon his initial encounter with Appellant, Appellant was "obviously" intoxicated; he swayed when he walked, he had a strong odor of alcoholic beverage about him, his speech was slurred and his eyes were bloodshot. (Tr. 6.) Johnson also testified that during the initial encounter Appellant notified him of the location of his stranded automobile (Tr. 6) and of the type of vehicle (Tr. 13.) In addition, Johnson ran a warrant check and discovered that Appellant had lost his driving privileges. (Tr. 7.)
Johnson also testified as to the circumstances surrounding his second encounter with Appellant. He stated that the Highway Patrol received a call from Moore's Towing and learned that Appellant intended to drive his car home when it was freed from the ditch. (Tr. at 8.) The tow truck driver later notified the Highway Patrol that he was in his truck following Appellant in Appellant's vehicle southbound on Highway 331. (Tr. 8-9.) Traveling northbound on Highway 331, Johnson observed Appellant's vehicle directly followed by a Moore's Towing truck, at which point Johnson turned and stopped Appellant's vehicle. (Tr. 9.)
Under the totality of the circumstances, Johnson had reason to suspect that Appellant was driving his vehicle in violation of the law. During his initial encounter with Appellant, Johnson observed that Appellant appeared to be intoxicated and therefore had reason to believe that Appellant may be in a similar state a short time later that morning. Moreover, Johnson knew that Appellant had no driving privileges. Therefore, Appellant would be in violation of the law if he drove his vehicle regardless of his state of intoxication.
Johnson had received information that Appellant was driving his vehicle once it was extracted from the ditch. Per Appellant's own description, Johnson knew what type of vehicle Appellant owned. Also, a tow truck owned by Moore's Towing was following Appellant's vehicle when Johnson stopped it. From this, Johnson could have easily inferred that the vehicle he observed was Appellant's and that Appellant was driving the vehicle.
Clearly. Johnson could possess a reasonable and articulable suspicion that Appellant was in violation of the law, either for driving under suspension or for driving while intoxicated. Therefore, an investigative stop was warranted under State v.Winand, supra at 288 and State v. Andrews, supra at 87.
We should also address Appellant's contention that Johnson received unreliable information from the tow truck driver, information used as a basis for the traffic stop. Appellant argues that Johnson had no basis for determining the credibility or reliability of the informant and, thus, his information could not contribute to Trooper Johnson's suspicion that Appellant committed or was committing a crime at the time of the traffic stop. This argument lacks merit.
There is no rigid test to determine the reliability of an informant's tip. Illinois v. Gates (1982) 462 U.S. 213, 230-231. Rather, the veracity and reliability of an informant are only two relevant considerations under a totality of the circumstances analysis. Id. at 233. An informant's description of an alleged act or personal observation thereof "* * * entitles his tip to greater weight than might otherwise be the case." Id. at 234.
In the present case, the totality of the circumstances reinforce the reliability of the informant's information. The informant, plainly identified as a driver of Moore's Towing, informed the Highway Patrol of the location at which Appellant was operating his vehicle and that he the tow truck driver was following Appellant. This information was corroborated when Johnson proceeded to the reported location and observed Appellant's vehicle being followed by a Moore's Towing truck.
We must note that Johnson did not affirmatively identify Appellant as the driver of the vehicle until after he stopped the vehicle. (Tr. 15.) However, this is of no consequence, as inAdams v. Williams (1972), 407 U.S. 143, the United States Supreme Court stated:
 "A brief stop of a suspicious individual, in order to determine his identity or to maintain the status quo momentarily while obtaining more information, may be most reasonable in light of the facts known to the officer at the time."
Id. at 146. We already have stated that Johnson possessed sufficient knowledge to infer that Appellant was the driver of the vehicle which he stopped.
Having determined that Johnson had reasonable suspicion to conduct an investigatory stop, we now address whether probable cause existed for Johnson to arrest Appellant.
In order to make an arrest, an officer must have probable cause to believe that the individual has committed a crime. State v.Timson (1974), 38 Ohio St.2d 122. Probable cause exists when there is, "[a] reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that a person accused is guilty of the offense with which he is charged." Huber v. O'Neill (1981),66 Ohio St.2d 28, 30, quoting Ash V. Marlow (1851), 20 Ohio 119, paragraph one of the syllabus.
In State v. Campbell (1996), 115 Ohio App.3d 319, this Court held that during a justified initial stop and detention, an officer may place an individual under arrest if the officer develops probable cause to believe a suspect is driving under the influence of alcohol. Id. at 328, citing State v. Antill (1993),91 Ohio App.3d 589. To determine whether an officer had probable cause to arrest an individual for violating R.C. 4511.19(A), the court must review, "* * * whether, at the moment of the arrest, the officer had knowledge from a reasonable trustworthy source of facts and circumstances sufficient to cause a prudent person to believe that the suspect was driving while under the influence of alcohol." State v. Medcalf (1996), 111 Ohio App.3d 142, 147, citing Beck v. Ohio (1964), 379 U.S. 89, 91 and State v. Timson,supra at paragraph one of the syllabus. Courts traditionally evaluate the totality of the facts and circumstances when reviewing cases of drunk driving. State v. Medcalf, supra at 147, citing State v. McCaig (1988), 51 Ohio App.3d 94, 94. The arresting officer need only observe indicia of alcohol consumption and the operation of a motor vehicle while under the influence of alcohol. State v. Van Fossen (1984), 19 Ohio App.3d 281,283.
In the present case, the totality of the facts and circumstances support Johnson's belief that he had probable cause to arrest Appellant for driving under the influence of alcohol. As earlier stated, Johnson had reasonable suspicion to conduct the initial traffic stop. Upon approaching Appellant, Johnson noticed that Appellant displayed, "obvious signs of intoxication" including bloodshot eyes, slurred speech, a strong odor of alcoholic beverage about him, and, upon the request that Appellant come to the patrol car, a slow, clumsy, swaying gait. (Tr. 9-10.) Johnson also administered field sobriety tests to Appellant including a Horizontal Gaze Nystagmus test, a walk and turn test and a one-leg stand test, all of which Appellant failed. (Tr. 10-11.)
Based on a valid investigatory stop, the odor of alcohol, Johnson's observation of Appellant and the failed sobriety tests, the record strongly reflects that a reasonably prudent person would be warranted in believing that Appellant was driving under the influence of alcohol. State v. Medcalf, supra at 147.
For the foregoing reasons, we find that Appellant's assignment of error is without merit. Accordingly, we hereby affirm the judgment of the trial court.
Donofrio, J, concurs.
Vukovich, J., concurs.
 APPROVED: ________________________ CHERYL L. WAITE, JUDGE