DECISION AND JUDGMENT ENTRY
Timothy Ousley appeals a judgment from the Chillicothe Municipal Court convicting him of operating a motor vehicle with a prohibited alcohol concentration, in violation of R.C. 4511.19
(A)(3). He assigns a single error for our review:
 "The Trial Court Erred In Overruling Appellant's Motion To Suppress."
After observing the appellant's vehicle traveling 57 m.p.h. in a 40 m.p.h. zone, Ohio State Highway Patrol Trooper Hannon followed the vehicle and initiated a traffic stop. While following the appellant's vehicle, Trooper Hannon did not see any additional traffic violations or other signs of erratic driving.
When Trooper Hannon approached the appellant's vehicle, he detected the odor of an alcoholic beverage coming from the appellant, which the trooper described as not "horribly strong, but definitely noticeable." Trooper Hannon also noticed that the appellant's eyes appeared glassy and bloodshot. When asked whether he had been drinking, the appellant stated that he had consumed two beers earlier in the day. Following this admission, Trooper Hannon conducted a series of field sobriety tests.
First, Trooper Hannon gave appellant the horizontal gaze nystagmus ("HGN") test,[1] which revealed six "clues" (three in each eye) indicating that the appellant was under the influence of alcohol. In each eye, Trooper Hannon observed a lack of smooth pursuit, a horizontal gaze nystagmus (or "jerking") at maximum deviation, and an onset of nystagmus prior to forty-five degrees. Next, Trooper Hannon asked the appellant to perform the "walk and turn" and "one leg stand" tests. The appellant performed "fairly" on these field sobriety tests, exhibiting only three "clues" indicative of being under the influence of alcohol. During the walk-and-turn test, the appellant shifted his feet to keep his balance and started the test before Trooper Hannon finished his instructions, despite being told to wait until given word to begin. On the one-leg stand, which requires the driver to stand on one leg and count to thirty out loud, the appellant put one foot down briefly at the count of thirteen. Following these tests, Trooper Hannon also administered a portable breath test ("PBT") that produced a failing result. Based on these tests, Trooper Hannon arrested the appellant for driving under the influence of alcohol. At the police station, a breathalyzer test revealed that the appellant had a concentration of .130 grams of alcohol per 210 liters of breath, which exceeded the legal limit by .03 grams. See R.C. 4511.19(A)(3).
The appellant was charged with operating a motor vehicle while under the influence of alcohol ("OMVI") in violation of R.C.4511.19(A)(1), operation of a motor vehicle with a prohibited alcohol concentration in violation of R.C. 4511.19(A)(3), and failure to wear a seat belt in violation of R.C. 4513.21(A)(3). The appellant pled not guilty and filed a motion to suppress all evidence obtained during his traffic stop and subsequent arrest, alleging that Trooper Hannon lacked probable cause to arrest the appellant for driving under the influence of alcohol. After the trial court overruled the motion, the appellant then changed his plea to no contest on the charge of operating a motor vehicle with a prohibited alcohol concentration. The state dismissed the OMVI and seat belt charges, found the appellant guilty of violating R.C. 4511.19(A)(3) and sentenced him to forty-five days in jail, a $200 fine, and a six-month driver license suspension.
The appellant's lone assignment of error challenges the trial court's denial of his motion to suppress. In reviewing a decision on a motion to suppress, we are mindful that the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate witness credibility. State v. Mills (1992), 62 Ohio St.3d 357-366; Statev. Medcalf (1996), 111 Ohio App.3d 142, 145. Accordingly, we must accept the trial court's findings of fact so long as they are supported by competent, credible evidence. Id., State v.Guvsinger (1993), 86 Ohio App.3d 592, 594. Armed with those facts, we must independently determine whether the trial court correctly applied the appropriate legal standard. Medcalf,111 Ohio App.3d at 145-46; see, also, State v. Williams (1993),86 Ohio App.3d 37, 41; State v. Klein (1991), 73 Ohio App.3d 486,488.
The basis for the appellant's assignment of error is that Trooper Hannon lacked probable cause to arrest the appellant for driving under the influence of alcohol. Before an officer may effectuate an arrest, he must have probable cause to believe that the individual has committed a crime. State v. Timson (1974),38 Ohio St.2d 122, paragraph one of the syllabus. Probable cause exists when an officer possesses a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves, to warrant a cautious person in the belief that an individual is guilty of the charged offense. Huber v. O'Neill
(1981), 66 Ohio St.2d 28, 30. For purposes of an arrest for driving under the influence, probable cause exists if, at the moment of the arrest, the totality of the facts and circumstances within the officer's knowledge and of which he had reasonably trustworthy information were sufficient to warrant a prudent person in believing that the suspect violated R.C. 4511.19(A).State v. McCaig (1988), 51 Ohio App.3d 94; Bucyrus v. Williams
(1988), 46 Ohio App.3d 43, 45. The arrest need only be supported by the arresting officer's observations of indicia of alcohol consumption and operation of a motor vehicle while under the influence or with a blood alcohol level in excess of the statutory limits. Medcalf, supra, 111 Ohio App.3d at 147-48;State v. Van Fossen (1984), 19 Ohio App.3d 281, 283; State v.Taylor (1981), 3 Ohio App.3d 197, 198; State v. Downard (Dec. 19, 1997), Washington App. No. 97CA24, unreported.
Appellant was arrested for violating R.C. 4511.19(A)(1) (impaired driving) and R.C. 4511.19(A)(3) (exceeding the per se
breath limitation). There is a factual distinction between probable cause as it relates to each subsection. Under R.C.4511.19(A)(1), an officer must indeed observe both indicia of alcohol consumption and impairment while the defendant is operating a motor vehicle. However, to arrest for a violation of R.C. 4511.19(A)(3), the officer need only have probable cause to believe the accused was operating a motor vehicle while his/her breath alcohol content exceeds the per se limit. Impaired coordination is not necessary to justify an arrest under this subsection. While some coordination tests are often used to indicate consumption at a level resulting in a per se violation, observation of traditional impaired motor skills is not a prerequisite to a lawful arrest under R.C. 4511.19(A)(3). An officer having a reasonable belief that a driver has consumed alcohol can satisfy the remaining requirements for probable cause under R.C. 4511.19(A)(3) by other means. HGN test results may be used to determine the existence of probable cause in the "perse" context. See State v. Downard, supra Painter Looker, Ohio Driving Under the Influence Law (1998 ed.), Sections 11.29 and 15.15.
In this case, we find no error in the trial court's denial of the appellant's motion to suppress because the totality of the facts and circumstances at the time of the arrest indicate that Trooper Hannon had probable cause. Trooper Hannon initially stopped the appellant for speeding and immediately detected a noticeable odor of alcohol. The appellant explained that he had consumed two beers earlier in the day. Trooper Hannon observed the appellant's bloodshot and glassy eyes, which also provided an indication that the appellant was under the influence. Finally, the appellant's performance on the FST's also helped to establish probable cause. The appellant's failure of the HGN test provided a strong indication that he was under the influence of alcohol. See Bresson, supra, 51 Ohio St.3d at 129 (holding that the HGN test is a reliable test for determining whether a person is under the influence of alcohol). In addition, the appellant's performances on the walk and turn and one leg stand tests were not flawless, as Trooper Hannon identified at least three "clues" consistent with a person being under the influence of alcohol. The totality of these factors supports the trial court's conclusion that Trooper Hannon had probable cause to arrest the appellant for operating a motor vehicle under the influence of alcohol. Cf. Tallmadge v. McCoy (1994), 96 Ohio App.3d 604, 610
(probable cause existed when there was a strong odor of alcohol, defendant admitted having "a couple" of beers, and a failure of HGN test, even without other FST's being administered); McCaig,supra, 51 Ohio App.3d at 94-95 (although none of four specific factors standing alone could arouse suspicion, they provided probable cause when viewed in their totality); State v. Gibson
(Feb. 18, 1997), Highland App. No. 96CA897, unreported (probable cause existed when defendant was stopped for speeding, officer detected odor of alcohol, and officer determined that coordination was impaired due to performance on FST's).[2]
The appellant questions whether the HGN test in this case was a reliable indicator of probable cause. The appellant contends that the other FST's administered, i.e. the walk and turn and one leg stand tests, undermined the HGN test's usefulness because of the appellant's "nearly flawless" performance on those tests. Because the appellant performed well on the walk and turn and one leg stand tests, he argues that the HGN could not be a reasonably trustworthy indicator of alcohol-induced impairment. The appellant contends that his satisfactory performance on the other FST's negates any inference of probable cause created by his unsatisfactory performance on the HGN test. In support of his argument, the appellant relies on State v. Bresson, supra, which held that "the HGN test has been shown to be a reliable test,especially when used in conjunction with other field sobrietytests and an officer's observations of a driver's physicalcharacteristics, in determining whether a person is under the influence of alcohol." Bresson, 51 Ohio St.3d at 129 (emphasis added). The appellant seizes upon the emphasized portion to argue that the HGN test may be a reliable indicator of probable cause only when its results are consistent with the results of other FST's. We reject the appellant's argument.
The satisfactory performance on some FST's does not operate to negate the existence of probable cause. See Medcalf, supra,111 Ohio App.3d at 148; State v. Moore (June 29, 1999), Lawrence App. No. 98CA44, unreported; State v. Chelikowsky (Aug. 18, 1992), Pickaway App. No. 91CA27, unreported. A driver's satisfactory performance on some FST's is merely one factor to consider in determining whether probable cause exists based upon the totality of the circumstances. See State v. Simmons (Aug. 3, 1990), Washington App. No. 89CA18, unreported (fact that defendant "passed" coordination tests did not negate probable cause in presence of other factors indicative of driving under the influence). In this case, the appellant failed the HGN test, displayed bloodshot and glassy eyes, and admitted to consuming alcohol earlier in the day. Although the appellant performed "fairly" on the walk and turn and one leg stand tests, his performance was not flawless. The totality of these factors is enough to establish probable cause.
Furthermore, the appellant's reading of Bresson is incorrect. The appellant argues that Bresson's "implicit rationale" suggests that the HGN test is a reliable indicator of alcohol impairment only when its results are "in union", i.e. consistent, with an officer's observations and a driver's performance on other FST's.Bresson's explicit holding, however, belies the appellant's argument. Bresson declared the HGN test to be a reliable indicator in determining whether a driver is under the influence of alcohol, "especially when used in conjunction with other field sobriety tests and an officer's physical characteristics."Bresson, supra, 51 Ohio St.3d at 129 (emphasis added). The Supreme Court's holding, at most, suggests that the HGN testshould be used in conjunction with other tests and observations. It provides no support for the proposition that an HGN test result is negated by satisfactory performance on other FST's. Trooper Hannon used the HGN test in this case "in conjunction" with other tests and observations. The HGN test was consistent with Trooper Hannon's observation of the appellant's bloodshot and glassy eyes. Trooper Hannon also observed three "clues" of alcohol impairment in the appellant's performance of the walk and turn and one leg stand tests. Even though the appellant performed "fairly" on these tests as a whole, the three "clues" combined with the HGN test and the observation of the appellant's physical characteristics helped to establish probable cause under both R.C. 4511.19(A)(1) and (A)(3) based upon the totality of the circumstances.
We overrule the appellant's assignment of error and affirm the judgment of the Chillicothe Municipal Court.
JUDGMENT AFFIRMED.
(State v. Ousley)
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRI'IED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Chillicothe Municipal Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J. Evans, J.: Concur in Judgment and Opinion.
For the Court
 BY: __________________________ William H. Harsha, Judge
[1] HGN refers to the jerking of the eyes as they look, or gaze, to one side. In administering the HGN test, an officer observes the suspect's eyes to determine at what angle jerking occurs, whether the jerking is distinct, and whether the eyes smoothly follow an object. State v. Bresson (1990), 51 Ohio St.3d 123, fn. 1, citing 1 Erwin, Defense of Drunk Driving Cases (3 ed. 1989), Section 8.26.
[2] Trooper Hannon also testified during the motion to suppress that he relied upon the failing result on the PBT as an indicia of probable cause. We have previously allowed the result of a PBT to be an indicator of probable cause. See State v. Moore (June 29, 1999), Lawrence App. No. 98CA44, unreported. However, the trial court sustained the appellant's objection to Trooper Hannon's testimony regarding the PBT result and did not consider the PBT in its determination of whether probable cause existed. Since the appellee has not filed a cross appeal or raised a cross assignment of error concerning the PBT results, we do not consider the propriety of that decision.