OPINION
This is an appeal from the judgment of the Franklin County Court of Common Pleas. Defendant-appellant, Samuel L. Edwards, was indicted for assault on a police officer and possession of cocaine. A jury found him guilty of the possession charge but not guilty of the assault charge. From a judgment and sentence of three years, appellant takes this appeal, designating three assignments of error, as follows:
Assignment of Error One
 THE SEARCH OF THE APPELLANT VIOLATED HIS CONSTITUTIONAL RIGHTS AND THE COURT COMMITTED ERROR BY NOT SUPPRESSING ILLEGALLY OBTAINED EVIDENCE FROM THE APPELLANT.
Assignment of Error Two
 THE APPELLANT WAS DENIED A FAIR TRIAL DUE TO HIS TRIAL COUNSEL'S INEFFECTIVENESS BY WITHDRAWING ALL MOTIONS TO SUPPRESS EVIDENCE.
Assignment of Error Three
 TRIAL COUNSEL'S WAIVER OF APPELLANT'S MOTIONS TO SUPPRESS THE SEIZED EVIDENCE IS PLAIN ERROR WHICH DENIED APPELLANT A FAIR TRIAL AND DUE PROCESS OF LAW AS GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.
On September 15, 1997, appellant was a passenger in a car being driven by Dorthea Humphries. Columbus Police Officers Robert C. Vass and Timothy A. Sansbury passed the vehicle, noticed the high beams were on and, when they did a U-turn to follow the vehicle, noticed the license plate light was out. Officer Vass testified that, when a steering column is peeled to steal a car, the damage will cause the headlights and license plate lights to malfunction. They stopped the car and approached it, Officer Vass on the passenger side and Officer Sansbury on the driver's side. Officer Vass thought he knew appellant but could not remember his name. Appellant said his name was Deshawn Mitchell, but he had no identification. Officer Vass asked appellant to step from the car so he could be taken to the cruiser so that his identity could be determined. After he got out of the car, appellant put his hands on the car so that Officer Vass could conduct a pat-down search for weapons. As the officer started doing the search, appellant drew away from the car and tried to run away. Officer Vass grappled with him and got him to the ground. Officer Sansbury went to Officer Vass' assistance and appellant was subdued. When appellant was brought to his feet, the officers found a bag of cocaine on the ground beneath him. They also found some cocaine in his pants leg.
Appellant was indicted on September 23, 1997, and counsel was appointed. A motion to suppress the evidence obtained in the search was filed October 14, 1997, and a motion to suppress appellant's statement to the police was filed October 30, 1997. A second motion to suppress was filed March 17, 1998. This case was continued several times for various reasons, such as the unavailability of witnesses or the court being tied up in another trial. Finally, on April 6, 1999, appellant entered a plea of guilty to both charges, and the case was passed for sentencing to June 16, 1999. On June 6, 1999, appellant's new counsel filed a motion to withdraw the guilty pleas. Although it is not clear from the record when the motion was granted, the plea was withdrawn and the case went to jury trial on July 21, 1999. Appellant's new counsel did not proceed on the motions to suppress, which had been filed by previous counsel, and this is the essential basis for this appeal.
Appellant asserts in his first assignment of error that the search of appellant violated his constitutional rights and the court committed error by not suppressing illegally obtained evidence from appellant. Appellant's first assignment of error is inextricably tied to the issues raised in his second assignment of error. Defense counsel withdrew the motions to suppress before trial, so the court could hardly have been in error in failing to hear or grant motions which had been withdrawn.
Appellant's first assignment of error is not well-taken to the extent that it begs the question raised in appellant's second assignment of error, that counsel was ineffective by failing to proceed with those motions.
Appellant states in his second assignment of error that he was denied a fair trial due to his trial counsel's ineffectiveness by withdrawing all motions to suppress evidence. The standard of review for a claim of ineffective assistance of counsel is well settled. To sustain an assertion of ineffective assistance of counsel, a party must meet the two-prong test enunciated by the United States Supreme Court in Strickland v.Washington (1984), 466 U.S. 668.
In analyzing the first prong of Strickland, there is a strong presumption that defense counsel's conduct falls within a wide range of reasonable professional assistance. Strickland. To prevail on an assertion of ineffective assistance of counsel, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. Strickland.
The Ohio Supreme Court, in State v. Bradley (1989),42 Ohio St.3d 136, at 142, cited and followed Strickland, at 691, as follows:
 * * * "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. Cf. United States v. Morrison, 449 U.S. 361, 364-365 (1981)." * * * To warrant reversal, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." * * *
In State v. Nicholas (1993), 66 Ohio St.3d 431, at 436, citing Bradley, at 141-142, the Supreme Court of Ohio set forth the following test concerning ineffectiveness of counsel:
 "`When considering an allegation of ineffective assistance of counsel, a two-step process is usually employed. First, there must be a determination as to whether there has been a substantial violation of any of defense counsel's essential duties to his client. Next, and analytically separate from the question of whether the defendant's Sixth Amendment rights were violated, there must be a determination as to whether the defense was prejudiced by counsel's ineffectiveness.' State v. Lytle (1976), 48 Ohio St.2d 391, 396-397 * * *. This standard is essentially the same as the one enunciated by the United States Supreme Court in Strickland v. Washington (1984), 466 U.S. 668 * * *."
A reviewing court may first consider whether the defendant was prejudiced before reaching the ineffective performance issue. Bradley, at 143. To prove prejudice, the defendant must show a reasonable probability that, were it not for counsel's errors, the result would be different. State v. Green
(1993), 66 Ohio St.3d 141. Reasonable probability means "sufficient to undermine confidence in the outcome," and does not mean "some conceivable effect." State v. Johnson (Mar. 4, 1993), Cuyahoga App. No. 61904, unreported.
"On the issue of counsel's effectiveness, the appellant has the burden of proof, since in Ohio a properly licensed attorney is presumably competent. See Vaughn v. Maxwell (1965),2 Ohio St.2d 299; State v. Williams (1969), 19 Ohio App.2d 234."State v. Lytle (1976), 48 Ohio St.2d 391, 397. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment. Second, the defendant must show the deficient performance prejudiced the defense. This requires showing the counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. In order to show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different. Bradley, at 143.
We find that trial counsel was not ineffective in failing to pursue the motions to suppress. While initial counsel was no doubt correct in filing the motions as a matter of course, an analysis of the relevant law on this issue indicates that the motions would not have been granted.
The touchstone of a Fourth Amendment analysis of the lawfulness of a search is whether a person has a constitutionally protected reasonable expectation of privacy. Katz v.United States (1967), 389 U.S. 347; California v. Ciraolo (1986),476 U.S. 207.
In the instant case, in order for the warrantless search of appellant's person to be valid, the search must fall within one of the narrow and specifically delineated exceptions to the warrant requirement. We note that those seeking an exemption from the warrant requirement bear the burden of showing that one of the recognized exceptions to the warrant requirement is applicable.Xenia v. Wallace (1988), 37 Ohio St.3d 216.
The test for a constitutional stop of an automobile is limited to the finding of reasonable suspicion. Berkemer v.McCarty (1984), 468 U.S. 420. The question is whether there was reasonable and articulable suspicion to warrant the original investigatory stop. Terry v. Ohio (1968), 392 U.S. 1. When a reviewing court determines whether the stop was proper, it must consider the totality of the circumstances. State v. Freeman
(1980), 64 Ohio St.2d 291. See, also, State v. McCaig (1988),51 Ohio App.3d 94. An investigatory stop must be justified by some objective manifestation that the person stopped is engaged, or about to engage, in some form of criminal activity. United Statesv. Cortez (1981), 449 U.S. 411, 417.
A brief stop of a suspicious individual to determine his identity or to maintain the status quo may be most reasonable in light of the facts known to the officer at the time. State v.Williams (1990), 51 Ohio St.3d 58, 60, citing Terry. These circumstances are to be viewed through the eyes of the reasonable and prudent police officer on the scene who must react to events as they unfold. State v. Andrews (1991), 57 Ohio St.3d 86. Thus, the test is objective in nature: Would the facts available to the officer, at the moment of the seizure or the search, warrant a man of reasonable caution in the belief that the action taken was appropriate? State v. Bobo (1988), 37 Ohio St.3d 177, 178.
Applying these standards to the facts in this case, this court cannot see how the motion to suppress might have been granted. The initial investigatory stop was justified by a reasonable inquiry as to why the high beams were on and the license plate was out. The issuance of a citation to appellant for failure to wear a seat belt was also justified. When a question arose as to his true name, a reasonable inquiry for the purpose of identification for citation purposes was justified. Asking him to step out of the vehicle while that inquiry was made was justified. A pat-down search for the officers' protection was justified. Arguably, one might contend that the discovery of the cocaine was not a result of a search at all but was found on the ground under appellant after his tussle with the officers; but, even if it were characterized as a search, such searches are permissible.
From the foregoing analysis of the law and facts in this case, the court finds that a motion to suppress would not have been granted on the facts in this case. Therefore, trial counsel was not ineffective by failing to pursue a line of defense, which could not have been successful. There was no prejudice to appellant and the result in the case would not have been changed.
Appellant's second assignment of error is not well-taken and, thus, appellant's first assignment of error is likewise not well-taken and both are overruled.
Appellant asserts in his third assignment of error that trial counsel's waiver of his motions to suppress the seized evidence is plain error which denied appellant a fair trial and due process of law as guaranteed by the Fifth andFourteenth Amendments to the United States Constitution, and Section 10, Article 1 of the Ohio Constitution.
Crim.R. 52(B), the plain error rule, states that, although a defendant may have failed to raise a timely objection to an error affecting a substantial right, courts may notice the error. Crim.R. 52(B) provides:
 "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."
Plain error does not exist unless it can be said that, but for the error, the outcome of the trial would clearly have been otherwise. Nicholas; State v. Watson (1991), 61 Ohio St.3d 1
. The Ohio Supreme Court has frequently limited the application of the plain error rule. In State v. Landrum (1990), 53 Ohio St.3d 107,111, the court quoted, and followed State v. Long
(1978), 53 Ohio St.2d 91, paragraph three of the syllabus, as follows:
 "Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice."
This court may invoke the plain error rule only if we find: (1) the court denied appellant a fair trial; (2) the circumstances in the instant case are exceptional; and (3) reversal of the judgment below is required to prevent a manifest miscarriage of justice. In the case before us, we find that, even if the plain error doctrine can be applied in these circumstances, appellant has not met any of these three criteria and this court declines to intervene on a plain error theory.
Appellant's third assignment of error is not well-taken and is overruled.
Based on the foregoing, appellant's assignments of error are overruled, and the judgment of the trial court is affirmed.
BRYANT and BROWN, JJ., concur.
GREY, J., retired, of the Fourth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.