This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Zachary Glime ("Glime"), appeals the decision of the Oberlin Municipal Court convicting him of driving under the influence ("DUI"), in violation of R.C. 4511.19(A)(1).[1] We affirm.
 I.
On September 14, 2000, Lorain County Deputy Sheriff Scott Greiner observed Glime driving his El Camino down the center of the road.[2]
When the deputy ran a computerized check on the El Camino's license plates, he learned that the plates were registered to a Toyota and not an El Camino. Deputy Greiner then activated his overhead lights and siren. Glime did not stop immediately; instead, he stopped when he reached an address at 14868 State Route 58. Glime exited his vehicle, and Deputy Greiner approached him.
Deputy Greiner observed that Glime's eyes were bloodshot and glassy, and that his speech was slow and slurred. Deputy Greiner proceeded to administer field sobriety tests, but administered only a finger-to-nose test because Glime told the deputy that his leg was injured and he could not perform the one-leg stand or heel-to-toe test. Deputy Greiner testified that Glime could not keep his balance during the finger-to-nose test. Based upon his observations, Deputy Greiner placed Glime under arrest for DUI.
On October 17, 2000, Glime filed a motion to suppress the results of the field sobriety test, asserting that the National Highway Traffic Safety Administration does not recognize the finger-to-nose test as a reliable test. He also asserted that the test itself was not administered in accordance with standardized procedures. After a hearing, the trial court denied the motion on December 19, 2000, without stating its findings of fact on the record. Glime then filed a request for essential findings of fact, pursuant to Crim.R. 12(E).[3] The trial court never responded to this motion.
On April 24, 2001, Glime withdrew his plea of not guilty and entered a plea of no contest to the DUI charge. The trial court found him guilty and sentenced him accordingly.
Grime timely appealed, raising two assignments of error. For ease of discussion, we address Grime's second assignment of error first.
 II. Second Assignment of Error THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT DENIED APPELLANT'S PRETRIAL MOTION TO SUPPRESS THE RESULTS OF FIELD SOBRIETY TESTS USED TO SERVE AS EVIDENCE OF PROBABLE CAUSE TO ARREST.
In his second assignment of error, Glime argues that the trial court erred when it denied his motion to suppress the results of the finger-to-nose field sobriety test. Essentially, he argues that without the results of this test, Deputy Greiner lacked probable cause to arrest Glime for DUI. We disagree.
An appellate court will affirm a trial court's ruling on a motion to suppress if its findings are supported by competent, credible evidence.Tallmadge v. McCoy (1994), 96 Ohio App.3d 604, 608. However, an appellate court will not reverse a conviction due to the admission or rejection of evidence unless the defendant can demonstrate that he was or may have been prejudiced. See R.C. 2945.83(C). See also State v. Lute (Nov. 22, 2000), Lorain App. No. 99CA007431, unreported, at 16. Assuming without deciding that the trial court's denial of Glime's suppression motion was error, we find that Glime has failed to demonstrate any prejudice resulting from the court's decision.
Probable cause for arrest for DUI exists if, at the moment of arrest, the arresting officer had knowledge from a reasonably trustworthy source of facts and circumstances sufficient to cause a prudent person to believe that the suspect was driving under the influence of alcohol.State v. Homan (2000), 89 Ohio St.3d 421, 427, citing Beck v. Ohio
(1964), 379 U.S. 89, 98, 13 L.Ed.2d 142, 145. A court must evaluate the totality of the circumstances in making this determination. State v.McCraig (1988), 51 Ohio App.3d 94, 94. When evaluating probable cause to arrest for DUI, "[t]he totality of the facts and circumstances can support a finding of probable cause to arrest even where no field sobriety tests were administered[.]" Homan, 89 Ohio St.3d at 427.
The record reflects that Deputy Greiner observed Glime driving his vehicle down the center of the road. After Deputy Greiner activated his lights and siren, Glime did not stop immediately, but continued driving. Deputy Greiner observed Glime's glassy, bloodshot eyes and his slow, slurred speech. Based of the totality of these observations, the deputy had probable cause to arrest Glime for DUI, even without the result of the field sobriety test. Glime has failed to demonstrate how he was prejudiced by the trial court's denial of his motion to suppress the field sobriety test. Therefore, Glime's second assignment of error is overruled.
 III. First Assignment of Error THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT FAILED TO STATE ITS ESSENTIAL FINDINGS OF FACT ON THE RECORD AS REQUIRED BY CRIMINAL RULE 12(E) WHEN IT DENIED APPELLANT'S MOTION TO SUPPRESS.
In his first assignment of error, Glime asserts that the trial court erred when it did not state its essential findings of fact on the record in overruling Glime's motion to suppress in accordance with Crim.R. 12(E). This assignment of error lacks merit.
Crim.R. 12(E) applies to suppression motions. The rule states, in pertinent part, "[w]here factual issues are involved in determining a motion, the court shall state its essential findings on the record." In order to invoke this provision, a party must specifically request the trial court to state its essential findings of fact on the record. Statev. Benner (1988), 40 Ohio St.3d 301, 317. Glime did request such findings, and the trial court failed to respond.
The Ohio Supreme Court has stated that a trial court is obligated to provide its essential findings of fact on the record, and failure to do so is error. State v. Brewer (1990), 48 Ohio St.3d 50, 60. An error of this type does not require reversal unless the defendant can show he was prejudiced by the omission. Id. In this case, the trial court's failure to provide adequate findings does not amount to reversible error. We have already found that Glime failed to demonstrate prejudice resulting from the trial court's denial of the suppression motion. Therefore, any error in failing to provide Glime the factual basis for the denial of that suppression motion does not rise to the level of reversible error. Seeid. at 60. Glime's first assignment of error is overruled.
 III.
Having overruled Glime's assignments of error, we affirm the judgment of the trial court.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Oberlin Municipal Court, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
BATCHELDER, P.J., SLABY, J. CONCUR.
[1] Glime was also convicted of driving under suspension, in violation of R.C. 4507.02(B)(1). He does not appeal that conviction.
[2] The parties filed an agreed statement of the record on appeal, in accordance with App.R. 9(D). Pursuant to App.R. 9(D), this statement is in lieu of original pleadings, exhibits, and transcripts of proceedings, and our review is limited to this statement.
[3] Glime filed his motion pursuant to Crim.R. 12(E). Crim.R. 12 was amended in July 2001, and the relevant section now appears as Crim.R. 12(F).