DECISION AND JUDGMENT ENTRY
This is an appeal from an Athens County Common Pleas Court judgment of conviction and sentence. The trial court, after a no contest plea, found Robert Riley, defendant below and appellant herein, guilty of carrying a concealed weapon in violation of R.C. 2923.12(A).
Appellant raises the following assignments of error for review:
FIRST ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO SUPPRESS EVIDENCE OBTAINED DURING THE UNLAWFUL DETENTION OF THE APPELLANT WHICH WAS A DIRECT VIOLATION OF THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 14 OF THE OHIO CONSTITUTION."
SECOND ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED IN FINDING THAT HE WAS MANDATED TO IMPOSE A CONSECUTIVE TERM OF IMPRISONMENT UPON APPELLANT."
Our review of the record reveals the following facts pertinent to the instant appeal. On December 19, 1999, at approximately 2:30 a.m., Athens County Sheriff's Deputy Steve Sedwick and Special Deputy Joshua Hodson were driving in their patrol cruiser on Route 682. The officers observed appellant walk down a street and noted that he appeared to stagger. The officers approached appellant because he "appeared to be intoxicated and he was staggering, having trouble walking down the street." After stopping appellant, the officers discovered a knife. At that point, the officers restrained and arrested appellant.
On January 28, 2000, the Athens County Grand Jury returned an indictment charging appellant with carrying a concealed weapon, in violation of R.C. 2923.12(A). On April 12, 2000, appellant filed a motion to suppress evidence. In his motion, appellant argued that the trial court should suppress the evidence obtained as a result of the investigative stop because the stop violated his Fourth Amendment right against unreasonable seizures. In particular, appellant alleged that the officers lacked a reasonable, articulable suspicion of criminal activity to justify the stop.
On May 25, 2000, the trial court held a hearing regarding appellant's motion to suppress evidence. At the hearing, the officers admitted that they did not observe appellant fall down, run into any objects, walk into the street, or vomit. The officers also did not hear appellant make excessive noise. The officers stated, however, that they believed appellant's intoxicated state presented a risk of physical harm. On June 14, 2000, the trial court overruled appellant's motion to suppress.
On July 11, 2000, appellant entered a no contest plea to the carrying a concealed weapon offense. The judgment entry recited in pertinent part:
 "No promises have been made except as part of this plea agreement, stated entirely as follows: State recommending a stated prison term of 7 months, consecutively served with sentences he is serving from 1988 and 1989 cases * * *."
On July 31, 2000, the trial court sentenced appellant in accordance with the plea agreement. Appellant filed a timely notice of appeal.
 I
In his first assignment of error, appellant argues that the trial court erred by overruling his motion to suppress evidence. Appellant contends that the trial court should have suppressed the evidence obtained as a result of the investigative stop because the stop violated hisFourth Amendment right to be free from unreasonable seizures. Specifically, appellant asserts that the officers lacked reasonable, articulable suspicion of criminal activity to justify the stop. Appellant claims that a pedestrian's mere intoxication is insufficient to justify an investigative stop.
Initially, we note that appellate review of a trial court's decision regarding a motion to suppress evidence involves mixed questions of law and fact. See State v. Long (1998), 127 Ohio App.3d 328, 332, 713 N.E.2d 1,3. When ruling on a motion to suppress evidence, the trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and to evaluate the credibility of witnesses. See Statev. Fanning (1982), 1 Ohio St.3d 19, 20, 437 N.E.2d 583, 584; State v.Dunlap (1995), 73 Ohio St.3d 308, 314, 652 N.E.2d 988, 995. Accordingly, a reviewing court must defer to the trial court's findings of fact if competent, credible evidence exists to support the trial court's findings. See Long, supra; State v. Medcalf (1996), 111 Ohio App.3d 142,675 N.E.2d 1268; Dunlap, supra. The reviewing court then must independently determine, without deference to the trial court, whether the trial court properly applied the substantive law to the facts of the case. See Long; State v. Williams (1993), 86 Ohio App.3d 37,619 N.E.2d 1141; State v. Fields (Nov. 29, 1999), Hocking App. No. 99 CA 11, unreported. See, generally, Ornelas v. United States (1996),517 U.S. 690, 116 S.Ct. 1657, 134 L.Ed.2d 911.
The Fourth Amendment to the United States Constitution[1] protects individuals against unreasonable governmental searches and seizures. See, e.g., Delaware v. Prouse (1979), 440 U.S. 648, 662, 99 S.Ct. 1391,1400, 59 L.Ed.2d 660. "[S]earches conducted outside the judicial process, without prior approval by judge or magistrate, are per se
unreasonable under the Fourth Amendment — subject only to a few specifically established and well-delineated exceptions." Katz v.United States (1967), 389 U.S. 347, 357, 88 S.Ct. 507, 19 L.Ed.2d 576.
One such exception to the general prohibition against warrantless seizures is the investigative stop exception. See, e.g., Terry v. Ohio
(1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889. A law enforcement officer may conduct a warrantless, investigative stop of an individual if the officer observes specific and articulable facts that indicate the individual may be engaged in criminal activity. See id., 392 U.S. at 21,88 S.Ct. 1868, 20 L.Ed.2d 889.
In the case sub judice, the officers observed appellant engaging in conduct that they believed may have been a violation of R.C.2917.11(B)(2).[2] The officers stated that appellant appeared to stagger down the street. If the trier of fact determined that the officers' statements were truthful, the officers were justified in investigating whether appellant was violating R.C. 2917.11. See State v.Swank (Mar. 9, 1994), Champaign App. No. 93-CA-21, unreported (finding investigative stop warranted when officers observed the suspect stumbled down the street and suspected that he violated R.C. 2917.11); State v.Blowers (July 29, 1985), Scioto App. No. 1530, unreported (finding investigative stop warranted when officers observed the suspect standing still in ten degrees below zero weather and had received tip that the suspect was intoxicated).
Appellant suggests that his conduct may not have been sufficient to sustain a conviction for disorderly conduct under R.C. 2917.11. However, the investigative stop exception does not require an officer to possess probable cause that the individual is violating the law or require an officer to prove a criminal violation beyond a reasonable doubt. See,e.g., Terry. See, also, United States v. Sokolow (1989), 490 U.S. 1,109 S.Ct. 1581, 104 L.Ed. 211. Rather, the exception requires the officer to possess a reasonable suspicion that the individual may be violating the law. See, e.g., id. In other words, at the time of the stop a substantial possibility must exist that criminal conduct has occurred, is occurring, or is about to occur. In the case sub judice, we agree with the trial court's conclusion that the evidence adduced at the hearing satisfies the requirements for an investigative stop.
Accordingly, based upon the foregoing reasons, we overrule appellant's first assignment of error.
 II
In his second assignment of error, appellant asserts that the sentence the trial court imposed is contrary to law. In particular, appellant asserts that the trial court failed to include the requested specific findings and failed to set forth its reasons for imposing a consecutive sentence. See R.C. Chapter 2929. We disagree with appellant.
R.C. 2953.08(D) prohibits a criminal defendant from appealing the defendant's sentence if the state and the defendant jointly recommended the sentence as part of a plea negotiation and if the sentence is authorized by law. See, e.g., State v. Rogg (Mar. 13, 2001), Highland App. No. 00 CA 07, unreported; State v. Hyde (Jan. 11, 2001), Cuyahoga App. No. 77592, unreported. The statute provides:
 A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge.
In the case at bar, the state and the appellant jointly recommended to the trial court the sentence that appellant should receive. Appellant's no contest plea entry reflects that he and the state agreed as follows:
 "No promises have been made except as part of this plea agreement, stated entirely as follows: State recommending a stated prison term of 7 months, consecutively served with sentences he is serving from 1988 and 1989 cases * * *."
Accordingly, if appellant's sentence is "authorized by law," appellant may not appeal the jointly recommended sentence. See R.C. 2953.08(D).
A jointly recommended sentence is "authorized by law" if the sentence does not exceed the maximum sentence that the statute permits a trial court to impose. See State v. Ruggles (Sept. 11, 2000), Clinton App. No. CA99-09-027, unreported; State v. Engleman (Aug. 18, 2000), Hamilton App. No. C-990845, unreported; State v. Gray (June 30, 2000), Greene App. No. 99-CA-103, unreported; State v. Kimbrough (March 2, 2000), Cuyahoga App. Nos. 75642, 75643, 75644, unreported; State v. Amstutz (Nov. 8, 1999), Stark County App. No. 1999CA00104, unreported; State v. Byerly
(Nov. 4, 1999), Hancock App. Nos. 5-99-26, 5-99-27, unreported; State v.Henderson (Sept. 27, 1999), Warren County App. No. CA99-01-002, unreported.
In the case sub judice we find, appellant's sentence is "authorized by law." Appellant entered a no contest plea to a fourth degree felony.[3]
R.C. 2929.14(A)(4) permits a trial court to impose upon a fourth degree felony offender a term of imprisonment of six to eighteen months. Appellant's seven month prison term falls within that range and, thus, is authorized by law.
Consequently, because appellant and the state jointly recommended the sentence and because appellant's sentence is authorized by law, appellant's sentence is not subject to appellate review. See R.C.2953.08(D). While appellant asserts that the trial court failed to state the specific reasons for imposing the consecutive sentence, "such findings were not necessary because the sentence was an `agreed sentence' and was within the bounds authorized by statute." State v. Engleman
(Aug. 18, 2000), Hamilton App. No. C-990845, unreported; see, also,Rogg, supra.
Accordingly, based upon the foregoing reasons, we overrule appellant's second assignment of error and affirm the trial court's judgment.
JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Common Pleas Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 _______________________________ Peter B. Abele, Presiding Judge
Kline, J. Evans, J.: Concur in Judgment Opinion.
[1] The Fourth Amendment to the United States Constitution provides:
 The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.
Section 14, Article I of the Ohio Constitution also protects individuals from unreasonable searches and seizures. The section provides:
 The right of the people to be secure in their persons, houses, papers, and possessions, against unreasonable searches and seizures shall not be violated, and no warrant shall issue, but upon probable cause, supported by oath or affirmation, particularly describing the place to be searched, and the person and things to be seized.
[2] R.C. 2917.11(B)(2) provides:
 No person, while voluntarily intoxicated, shall do either of the following:
* * *
 Engage in conduct or create a condition that presents a risk of physical harm to the offender or another * * *.
[3] R.C. 2923.12 provides that the offense of carrying a concealed weapon is a fourth degree felony if the offender previously had been convicted of an offense of violence. The indictment specified that appellant had previously been convicted of an offense of violence.