Defendant-appellant, Patrick Armour, was arrested and charged with driving under the influence and with failure to control a motor vehicle. Appellant filed a motion to suppress evidence which was overruled by the Mason Municipal Court. Appellant entered a plea of no contest and the trial court convicted and sentenced him accordingly. Appellant now appeals contending that the trial court erred in overruling his motion to suppress, and that the arresting officer lacked probable cause to arrest appellant. We disagree.
The undisputed facts of this case are as follows: On August 14, 1997, at approximately 1:05 a.m., Patrolman Steve Schueler of the Mason City Police Department witnessed appellant driving southbound on Reading Road. Schueler observed the two right wheels of appellant's vehicle travel off the road, into the grass and onto the gravel for a period of time. Appellant eventually steered his vehicle back onto the roadway. At that point, Schueler followed the vehicle until it turned into a parking lot where Schueler stopped appellant for failure to control his vehicle.
Upon approaching appellant's vehicle, Schueler noted a "moderate" odor of alcohol on or about appellant's person. Schueler then inquired whether appellant had been drinking, which appellant denied. Given the fact that it was in the early morning hours, he had observed appellant commit a clear traffic violation, and he had detected a "moderate" odor of alcohol about appellant, Schueler asked appellant to step out of the vehicle to perform several field sobriety tests. During the administration of these tests, appellant admitted to Schueler that he had indeed consumed "two tall beers" at BW-3. Given appellant's inability to successfully complete the tests, and appellant's admission of alcohol consumption, Schueler placed appellant under arrest and took him into custody.
At the police station, appellant submitted to a breath test administered by Schueler. Appellant tested 0.152 of one gram of alcohol per two hundred ten liters of breath, clearly over Ohio's legal limit. Appellant was then cited for both driving under the influence in violation of Mason Municipal Code Sections 333.01(A)-(1) and 333.01(A)(3),[1] and failure to control a motor vehicle in violation of Mason Municipal Code Section 331.34.[2]
On September 9, 1997, appellant filed a motion to suppress contending the following: that there was "no lawful cause to stop the defendant" and/or no "probable cause to arrest defendant," that the tests administered to defendant "were not taken voluntarily," that the tests administered to defendant were not given in accordance with state regulations, that the testing instrument was not properly maintained or calibrated, that the operator who administered the test "was not licensed to operate the instrument" in accordance with Ohio Adm. Code3701-53-07, and that defendant's statements given during the arrest were obtained in violation of his Fifth andSixth Amendment rights.
On December 12, 1997, the trial court held a hearing on appellant's motion to suppress. Both parties stipulated to the admission of several exhibits including among other things the B.A.C. Datamaster calibration samples from August 11, 1997 and August 17, 1997, and several certificates evidencing several Mason Police officers' status as senior operators of the breathalyzer equipment. All of the evidence presented at the hearing addressed the circumstances and conditions surrounding Schueler's traffic stop and arrest of appellant. No evidence, other than the exhibits admitted, addressed the officers' status as senior operators of the breathalyzer equipment. Following the presentation of evidence, the trial court denied appellant's motion to suppress.
On February 24, 1998, appellant entered a plea of no contest, and the trial court convicted and sentenced him accordingly. Appellant now appeals raising two assignments of error.
In his first assignment of error, appellant contends:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT OVERRULED THE MOTION TO SUPPRESS.
Under this first assignment of error, appellant argues that, pursuant to Ohio Adm. Code 3701-53-04(A) and 3701-53-07, a senior operator must perform an instrument check on the breathalyzer equipment no less frequently than once every seven days. Appellant contends that the state presented no evidence showing compliance with this regulation. Specifically, appellant argues that the breathalyzer equipment was not checked by a senior operator. In response, the state argues that the evidence showing compliance was contained within the exhibits to which the parties stipulated.
Appellant is correct in his contention that if the state cannot prove that the officer who calibrated the breathalyzer equipment was a senior operator, the results of the breathalyzer must be suppressed. See State v. DiMaggio (Apr. 29, 1987), Hamilton App. No. C-860434, unreported, at 2, and Ohio Adm. Code 3701-53-07. However, upon review of the record and the stipulated exhibits, we find that the record does contain evidence that the Mason Police Department complied with the applicable regulations.
Plaintiff's exhibit six shows that the breathalyzer equipment was checked on August 11, 1997 by Officer Don Cope. Plaintiff's exhibit four is Cope's senior operator's permit valid for two years after the date it was issued — January 16, 1996. Thus, three days prior to appellant's test the record shows that the breathalyzer equipment was checked by a senior operator. Then, on August 14, 1997, appellant submitted to a breathalyzer test administered by Schueler. Plaintiff's exhibit three is Schueler's senior operator's permit valid for two years after the date it was issued — November 26, 1996. Finally, four days later, Plaintiff's exhibit seven shows that the breathalyzer equipment was checked on August 17, 1997 by Officer John Cullen. Plaintiff's exhibit seven is a two-page exhibit. Page two of exhibit seven contains a verification that on that date Cullen was a senior operator, and the verification includes his permit number and its expiration date — October 3, 1997. The record does not contain an actual copy of Cullen's senior operator permit. Appellant argues that because the record does not contain a copy of Cullen's permit in effect on August 14, 1997 no evidence of compliance exists. We disagree.
As we have held in the past, the key question in such cases is whether Cullen had the status of senior operator on that date, "not whether the state admitted the operator's license."State v. Brown (June 15, 1998), Madison App. No. CA97-06-030, unreported, at 5, citing State v. Adams (Oct. 17, 1995), Pickaway App. No. 94CA21, unreported, at 4. We find that the record contains evidence of Cullen's status as senior operator on the date in question even though it does not contain an actual copy of his permit. Accordingly, because the state has put forth evidence that the breathalyzer equipment was checked and calibrated in accordance with state regulations, the trial court did not err in overruling appellant's motion to suppress. Appellant's first assignment of error is overruled.
In his second assignment of error, appellant contends:
 WITHOUT EVIDENCE OF BLOODSHOT EYES, SLURRED SPEECH, UNSTEADY GAIT, AND STRONG ODOR OF ALCOHOL, A POLICE OFFICER LACKS PROBABLE CAUSE TO ARREST A DRIVER FOR DRIVING UNDER THE INFLUENCE OF ALCOHOL.
In his assignment of error, appellant contends that Schueler lacked probable cause to arrest him for driving under the influence of alcohol. However, upon examination of the body of appellant's argument, we note that appellant actually argues that when Schueler stopped appellant and failed to observe "any of the traditional evidence generally considered to apply to an individual who operates a vehicle while under the influence," he lacked the requisite reasonable suspicion to continue his investigation. We disagree with both of appellant's contentions.
We begin by examining the initial traffic stop of appellant. The Supreme Court of Ohio has squarely held that "where a police officer stops a vehicle based upon probable cause that a traffic violation has occurred or was occurring, the stop is not unreasonable under the Fourth Amendment to the United States Constitution * * *." Dayton v. Erickson (1996), 76 Ohio St.3d 3,11. The record before this court unequivocally reveals that Schueler observed appellant committing a traffic violation, namely, the failure to control his vehicle in violation of Mason Municipal Code Section 331.34. Accordingly, we find that Schueler not only could, but indeed was justified to execute a traffic stop of appellant.
Next we examine Schueler's reasonable suspicion to continue investigating this matter. It is an accurate statement that, once Schueler stopped appellant, the record does not contain the "traditional evidence" generally considered to apply to one driving under the influence such as bloodshot eyes and slurred speech. However, the record does contain other reliable evidence to justify Schueler's continued investigation. Specifically, Schueler relied upon: (1) the fact that he had personally observed appellant commit a traffic violation, (2) that he had noted a "moderate" odor of alcohol upon approaching appellant's vehicle, and (3) the time of night being after 1:00 a.m. See State v. Butcher (Oct. 17, 1990), Lawrence App. Nos. 1929, 1930, unreported, at 6. Based upon the foregoing, we find that Schueler was justified in continuing his investigation of this matter.
Finally, we address appellant's contention that Schueler lacked probable cause to arrest appellant. In order to "determine whether an officer had probable cause to arrest an individual for a violation of R.C. 4511.19(A), the court must examine whether, at the moment of the arrest, the officer had knowledge from a reasonably trustworthy source of facts and circumstances sufficient to cause a prudent person to believe that the suspect was driving while under the influence of alcohol." State v. Metcalf (1996), 111 Ohio App.3d 142, 147, citing Beck v. Ohio (1964), 379 U.S. 89, 91, 85 S.Ct. 223, 225. Upon examining the circumstances, we find that Schueler's personal observation of a traffic violation followed by his detection of the "moderate" odor of alcohol on or about appellant's person, appellant's failure of three field sobriety tests, and appellant's admission that he had been drinking collectively provide sufficient probable cause for appellant's arrest. Accordingly, appellant's second assignment of error is hereby overruled.
Judgment affirmed.
POWELL, P.J., and WALSH, J., concur.
[1] Mason Municipal Code Section 333.01, which is identical in substance to R.C. 4511.19, provides:
 DRIVING OR PHYSICAL CONTROL WHILE UNDER THE INFLUENCE; EVIDENCE.
 (A) Operation Generally. No person shall operate any vehicle within the Municipality, if any of the following apply:
 (1) The person is under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse;
* * *
 (3) The person has a concentration of ten-hundredths (0.10) of one gram or more. by weight of alcohol per 210 liters of breath;
[2] Mason Municipal Code Section 331.34 provides:
FAILURE TO CONTROL; WEAVING; FULL TIME AND ATTENTION.
 (a) No person shall operate a motor vehicle or motorcycle upon any street or highway without exercising reasonable and ordinary control over such vehicle.
 (b) No person shall operate a motor vehicle or motorcycle upon any street or highway in a weaving or zigzag course unless such irregular course is necessary for safe operation or in compliance with law.
 (c) No person shall operate a motor vehicle or motorcycle without giving his full time and attention to the operation of such vehicle.