DECISION AND JUDGMENT ENTRY
Terry C. Bowie, Jr. appeals the judgment of conviction entered by the Marietta Municipal Court finding him guilty of OMVI and failure to drive within marked lanes. In his sole assignment of error, appellant argues that the trial court erred in refusing to suppress the evidence obtained by Trooper Roe because the officer lacked a reasonable and articulable suspicion to stop the vehicle. We reject this contention because even a de minimis traffic violation provides a legitimate basis for a traffic stop.
In the early morning, at approximately 3:00 a.m., Ohio State Highway Patrol Trooper Steven Wayne Roe was on routine patrol, traveling south on State Route 7. Trooper Roe observed appellant's vehicle traveling northbound on State Route 7. In this area, State Route 7 is a four-lane divided highway. Trooper Roe testified that, initially, he did not observe appellant violating any traffic laws. However, he stated that because it was early morning and traffic was light, he decided to turn around and follow appellant anyway "just to check his driving."
While following appellant, Trooper Roe stated that he saw appellant's vehicle travel slightly over the right edge line by about the width of a tire. Immediately, he activated his video camera in order to tape appellant's vehicle. For approximately two miles, Trooper Roe observed appellant's vehicle gradually weaving from one side of the lane to another. He stated that he observed no jerking or abrupt driving, just gradual weaving. Trooper Roe claimed that appellant's vehicle slightly crossed the right edge line and then traveled onto the broken white divider line a couple more times before he initiated the stop of the vehicle.
Upon approaching the appellant's vehicle, Trooper Roe detected a strong odor of alcohol. He asked appellant to exit the vehicle and to perform the field coordination tests and the horizontal gaze nystagmus test, all of which appellant failed. Trooper Roe arrested appellant for OMVI. At the county jail, Trooper Roe administered the BAC Verifier test, which was inconclusive. Thereafter, appellant submitted a urine sample that tested over the legal limit.
Roe charged appellant with OMVI in violation of R.C. 4511.19(A)(1) and failure to drive within marked lanes in violation of R.C. 4511.33. The state later amended the complaint to also include a charge of OMVI in violation of R.C. 4511.19(A)(4). Appellant filed a motion to suppress all the evidence obtained by Trooper Roe after the stop of his vehicle based upon a purported lack of reasonable suspicion for the initial stop. The court conducted a hearing on the motion to suppress, which included a review of the videotape from Trooper Roe's patrol car. Subsequently, the trial court denied the motion. Appellant then pled no contest to the charges. The court found him guilty and sentenced him accordingly. Appellant filed this appeal and assigns one error for our review:
THE TRIAL COURT ERRED IN DENYING THE MOTIONTO SUPPRESS THE EVIDENCE SEIZED SUBSEQUENTTO THE STOP OF MR. BOWIE'S VEHICLE AS THEOFFICER LACKED A REASONABLE AND ARTICULABLESUSPICION TO STOP THE VEHICLE.
Appellate review of a trial court's decision to deny a motion to suppress involves a mixed question of law and fact. State v. Long
(1998), 127 Ohio App.3d 328, 332, 713 N.E.2d 1. During a suppression hearing, the trial court assumes the role of trier of fact and, as such, is in the best position to resolve questions of fact and to evaluate witness credibility. State v. Brooks, 75 Ohio St.3d 148, 154,1996-Ohio-134, 661 N.E.2d 1030; State v. Mills (1992), 62 Ohio St.3d 357,366, 582 N.E.2d 972. Accordingly, we are bound to accept the trial court's findings of facts if they are supported by competent, credible evidence. State v. Medcalf (1996), 111 Ohio App.3d 142, 145,675 N.E.2d 1268; State v. Harris (1994), 98 Ohio App.3d 543, 546,649 N.E.2d 7. Accepting those facts as true, we must independently determine as a matter of law, without deference to the trial court's conclusion, whether they meet the applicable legal standard. State v.Williams (1993), 86 Ohio App.3d 37, 41, 619 N.E.2d 1141.
The investigative stop exception to the Fourth Amendment warrant requirement allows a police officer to stop an individual if the officer has a reasonable suspicion, based on specific and articulable facts, that criminal behavior has occurred or is imminent. Terry v. Ohio (1968),392 U.S. 1, 21, 88 S.Ct. 1868, 20 L.Ed.2d 889; State v. Andrews (1991),57 Ohio St.3d 86, 87, 565 N.E.2d 1271. To justify an investigatory stop, a police officer must be able to articulate specific facts which would warrant a person "of reasonable caution" to believe that the person stopped has committed or is about to commit a crime. Terry, supra,392 U.S. at 19-20; Dayton v. Erickson, 76 Ohio St.3d 3, 11-12,1996-Ohio-431, 665 N.E.2d 1091. The propriety of an investigative stop must also be viewed in light of the totality of the surrounding circumstances. Id. at paragraph one of the syllabus; State v. Bobo
(1988), 37 Ohio St.3d 177, 524 N.E.2d 489, paragraph one of the syllabus. Moreover, a police officer may stop the driver of a vehicle after observing a violation of traffic laws. Whren v. United States
(1996), 517 U.S. 806, 116 S.Ct. 1769, 135 L.Ed.2d 89; Erickson, supra, at syllabus. When the officer has probable cause to believe that a traffic violation has occurred, the detention of a motorist is reasonable and constitutional. Id. We have previously recognized the struggle that courts face with "weaving car" cases. However, Whren and Erickson have changed the landscape. To the extent that any of our prior decisions are inconsistent with Whren and Erickson, we repudiate them.
Here, the officer's decision to initiate a traffic stop was based on his observations of the vehicle for a distance of two miles, in which the car traversed the right hand edge line on three separate occasions by about the width of a tire. The officer also observed the car travel upon the dotted center line, but it is unclear how many times this occurred. The officer testified that the vehicle returned to the lane of travel within a reasonable amount of time. At the suppression hearing, the court watched the videotape from the officer's patrol car. After viewing the tape, the judge stated:
[T]here were several violations on the tape. On the right side, at least three I think thatI saw; and driving on the dotted center line, not across it, I didn't see it cross, but I saw him on it, and to the right of the edgeline on it three times, is what I saw.
Thus, based on the testimony of the officer and the summation of the videotape by the court, the facts indicate that there were three minor deviations over the right hand edge line, and one instance of driving upon the dotted center line in the course of two miles.
The Ohio Supreme Court's decision in Erickson, supra, and the United States Supreme Court's decision in Whren v. United States, supra, control the outcome in this case. The significance of Erickson and Whren lies in their holding that even a de minimis violation of the law provides a basis for a seizure by law enforcement officials. In rejecting the reasonable officer approach, the United States Supreme Court discounted the argument that technical interpretation would allow law enforcement officials to stop every motorist. That court stated:
Petitioners urge as an extraordinary factor in this case that the `multitude of applicable traffic and equipment regulations' is so large and so difficult to obey perfectly that virtually everyone is guilty of violation, permitting the police to single out almost whomever they wish for a stop. But we are aware of no principle that would allow us to decide at what point a code of law becomes so expensive and so commonly violated that infraction itself can no longer be the ordinary measure of the lawfulness of enforcement.
The implication of these decisions is that if a motorist is violating a traffic law, even in a minor aspect, i.e., traveling fifty-eight m.p.h. in a fifty-five m.p.h. zone, an officer is justified in making the stop. Even the slightest crossing of the white "fog line" on a highway results in a technical violation of R.C. 4511.33, which states in part:
Whenever any roadway has been divided into two or more clearly marked lanes for traffic, * the following rules apply: A vehicle * * * shall be driven, as nearly as is practicable entirely within a single lane or line of traffic and shall not be moved from such lane or line until the driver has first ascertained that such movement can be made with safety.
Certainly, even a momentary "bobble" could give rise to a reasonable, articulable suspicion, if not probable cause, to believe R.C. 4511.33 had been violated in light of the holding and rationale in Erickson andWhren. Thus, even the de minimis violations that occurred here can form the basis for a valid traffic stop. Because the trial court properly overruled the motion to suppress, we affirm its judgment in keeping withErickson and Whren.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Marietta Municipal Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J. Kline, J.: Concur in Judgment and Opinion.
Harsha, J.: Concurs in Judgment Only with Attached Concurring Opinion.