DECISION
{¶ 1} Defendant-appellant, Trena V. Grimsley, appeals the decision of the Franklin County Municipal Court overruling her motion to suppress evidence ultimately leading to her arrest and conviction.
 {¶ 2} As a consequence of an early morning traffic stop, appellant was charged with operating a motor vehicle while under the influence of alcohol in violation of R.C. 4511.19(A)(1) ("OMVI"), operating a motor vehicle with a prohibited concentration of alcohol in violation of R.C.4511.19(A)(3), operating an unsafe vehicle in violation of R.C. 4513.02, and failure to drive within marked lanes of traffic in violation of R.C.4511.33. At her arraignment, appellant entered a plea of not guilty to all charges.
 {¶ 3} Soon afterward, appellant filed a motion to suppress the evidence procured during the traffic stop, claiming, among other things, that the police officer lacked legal justification to stop, detain or arrest appellant absent a warrant. However, at the conclusion of the evidentiary hearing, the trial court denied appellant's motion. In view of the court's ruling, appellant changed her plea to no contest, and the court found her to be guilty on all of the charges. Appellant was ultimately sentenced to three days of imprisonment, fined the sum of $300 plus costs, and suspended from her driving privileges for 180 days. By timely appeal, appellant raises the following single assignment of error:
 {¶ 4} "The Court Erred When It Overruled The Defendant's Motion To Suppress Evidence When The State Failed To Establish Reasonable Grounds For Stopping The Vehicle."
 {¶ 5} In presiding over a motion to suppress, the trial court takes on the role of trier of fact, and, as such, it stands in the best position to resolve questions of fact and evaluate the credibility of witnesses. State v. Dunlap (1995), 73 Ohio St.3d 308, 314; State v. Curry (1994), 95 Ohio App.3d 93, 96. Consequently, as a reviewing court, we must accept the trial court's factual findings where they are supported by competent, credible evidence. State v. Medcalf (1996),111 Ohio App.3d 142, 145. Nevertheless, without deference to the trial court's ultimate conclusion, we must independently determine as a matter of law whether that decision represents the application of the appropriate legal standard to the relevant facts. State v. Markin, (2002), 149 Ohio App.3d 274, 2002-Ohio-4326, at ¶ 28.
 {¶ 6} It is well established that stopping an automobile, thus temporarily detaining its occupants, constitutes a seizure under theFourth Amendment of the United States Constitution. Delaware v. Prouse (1979), 440 U.S. 648, 653, 99 S.Ct. 1391. And, it is equally clear that the seizure of a person without the authority of a warrant is per se unreasonable, and therefore unconstitutional, unless an exception applies. Katz v. United States (1967), 389 U.S. 347, 357, 88 S.Ct. 507. One such exception is commonly known as an investigative or Terry stop. Terry v. Ohio (1968), 392 U.S. 1, 88 S.Ct. 1868.
 {¶ 7} Applicable to automobile seizures, the Terry exception permits a law enforcement officer to stop an individual if the officer, based upon specific and articulable facts, has reasonable suspicion of criminal activity. Terry, supra; Delaware, supra, at 654. In determining the propriety of an investigative stop, "the totality of the circumstances-the whole picture-must be taken into account." United States v. Cortez (1981), 449 U.S. 411, 417, 101 S.Ct. 690; State v. Bobo (1988), 37 Ohio St.3d 177, paragraph one of the syllabus. Based on the foregoing, this court has repeatedly held that no warrant is required to initiate a traffic stop if the police officer harbors a reasonable suspicion that a driver has violated a traffic law. City of Columbus v. Stanley (June 28, 2001), Franklin App. No. 00AP-1128, citing State v. Turner (Dec. 21, 2000), Franklin App. No. 00AP-248; State v. Kuno (Nov. 6, 1997), Franklin App. No. 97APC04-497.
 {¶ 8} Moreover, the decision to stop an automobile has been adjudged reasonable, and thus constitutional, where the police have probable cause to believe that a traffic violation has occurred. Whren v. United States (1996), 517 U.S. 806, 810, 116 S.Ct. 1769; Dayton v. Erickson (1996), 76 Ohio St.3d 3, syllabus. Such probable cause arises when an officer actually observes the commission of a specific violation. Id.
 {¶ 9} By her sole assignment of error, appellant contends that the trial court erred in overruling her motion to suppress because the state failed to establish reasonable grounds for making a traffic stop. In essence, she argues that the evidence fails to demonstrate that the officer had either the requisite reasonable suspicion or probable cause to justify stopping her vehicle without a warrant. We disagree.
 {¶ 10} Trooper Michael S. Munyon of the Ohio State Highway Patrol provided the sole testimony at the suppression hearing and provided the following facts. At approximately 2:13 a.m. on December 5, 2001, Trooper Munyon was heading north on U.S. 62 when he noticed appellant's car traveling toward him in the opposite direction, just south of Eakin Road. As her vehicle approached, Trooper Munyon saw that appellant was swerving-driving completely over the right edge line and then back into the correct lane of traffic-and driving on a flat tire. He also noticed that appellant's car, traveling at a rate of approximately 15 to 20 m.p.h. in a 45 m.p.h. zone, had a loud exhaust and was emitting smoke from the rear.
 {¶ 11} After turning around and following appellant for a short period of time, Trooper Munyon witnessed her swerve completely over the right edge line at least two additional times. Seeing that appellant continued to drive erratically, even passing several open, well-lit businesses where she could have safely attended to her flat tire, Trooper Munyon initiated a traffic stop. Once appellant had pulled over, she exited her car to approach the trooper. At that point, Officer Munyon saw that appellant was unsteady on her feet. And, when asked for her license, registration and insurance information, which the trooper was forced to do twice, appellant's actions were slow and delayed. Furthermore, Trooper Munyon smelled the strong odor of alcohol on appellant's breath and saw that her eyes were red and glassy. Having determined that appellant was driving under the influence, the trooper decided to administer three field sobriety tests, which appellant failed. Subsequently, appellant was charged and arrested.
 {¶ 12} In her brief, appellant contends that the record fails to demonstrate that she was driving in an illegal manner. Instead, she argues that the flat tire was affecting her control over the car and, thus, she was driving "as nearly as practicable" within the right lane as required by R.C. 4511.33(A). Appellant similarly contends the flat tire was the cause of the slow rate of speed, loud noise, and trailing smoke witnessed by Trooper Munyon. However, appellant's arguments in this regard, as well as her inclination to view each of the observed conditions individually, rather than as a whole, are incongruent with the applicable law.
 {¶ 13} As previously mentioned, we are required to review the propriety of the traffic stop according to the totality of the circumstances by conducting "* * * an objective assessment of [the] police officer's actions in light of the facts and circumstances then known to the officer." Dayton, at 6. And, it is undisputed that Trooper Munyon witnessed appellant driving in an erratic manner — swerving entirely over the right edge line and back into her lane at an inappropriately slow rate of speed with a flat left front tire, a loud exhaust and smoke flowing from the rear of her car at 2:13 a.m. Therefore, in its entirety, the Trooper's testimony clearly reveals that he had a reasonable suspicion, based on specific and articulable facts, that appellant's driving violated applicable traffic regulations. As such, an investigative stop was justified and proper.
 {¶ 14} Furthermore, regarding appellant's assertion that she was driving over the right edge line because of her flat tire, we previously rejected a similar argument in Kuno, supra, explaining:
 {¶ 15} "* * * [W]hen a police officer observes a vehicle driving left of the centerline, that officer has witnessed what appears to be a violation of the law. As such, an officer would have a reasonable, articulable suspicion that a violation had occurred, i.e., that the driver improperly drove left of center, and would be in a position to stop that vehicle. The fact that the driver may have a reasonable explanation why he traveled left of center might be a defense to the charge. That fact would not negate the fact that the officer had reason to believe that the law had been violated." Id.
 {¶ 16} In other words, even if appellant's swerving over the right edge line was the consequence of a flat tire, witnessing such conduct provided Trooper Munyon with reasonable grounds to stop the car. The fact there may be a logical reason to excuse what would otherwise be a traffic violation does not, in hindsight, eradicate a proper cause for stopping the vehicle in the first instance.
 {¶ 17} Moreover, due to the repeated swerving, appellant was charged with failing to drive within her marked lane, a minor traffic offense in violation of R.C. 4511.33. Therefore, pursuant to the law articulated in Whren and Dayton, supra, by witnessing the commission of a specific traffic offense, Trooper Munyon had probable cause to stop appellant.
 {¶ 18} Based on the foregoing, appellant's arguments are not well-taken, and her single assignment of error is overruled. The judgment of the Franklin County Municipal Court is affirmed.
Judgment affirmed.
PETREE, P.J., and BROWN, J., concur.