DECISION AND JUDGMENT ENTRY
{¶ 1} Defendant-Appellant, Daniel R. Carlisle, appeals from the decision of the Lawrence County Court of Common Pleas. The court overruled his motion to suppress both evidence of the seizure of crack cocaine from his person and his subsequent admission that the drugs belonged to him. By searching him, Appellant contends law enforcement officers violated due process protections guaranteed by the Ohio and United States Constitutions. However, considering the totality of the circumstances, we find the police conducted a valid Terry stop and weapons search. *Page 2 
 {¶ 2} Accordingly, we overrule Appellant's assignment of error and affirm the decision of the trial court.
 I. Facts {¶ 3} In October of 2006, officers of the Lawrence County Drug Task Force, including Officer James Milleson and Detective Aaron Bollinger, encountered Appellant while patrolling a high-crime area, well known for drug trafficking, in Ironton, Ohio. Before the encounter, the officers had been specifically searching for an individual named Tyrone Black, who was wanted in reference to drug activity from the previous night. When they succeeded in locating Black, he was walking along the street with Appellant. At the time, Appellant was carrying two bottles of beer, one of which was open.
 {¶ 4} Prior to the encounter in question, the officers were already familiar with Appellant's criminal history, including convictions for drug offenses and an assault on a police officer. Additionally, they were aware he had only recently been released from prison back into the community. Immediately before exiting their vehicle, Detective Bollinger warned Officer Milleson to be very cautious in approaching Appellant.
 {¶ 5} Officer Milleson approached Appellant and asked him to stop, but Appellant initially ignored him and tried to walk past. The Officer had *Page 3 
to physically step in front of Appellant to prevent him from walking away. He then asked Appellant for his name. Appellant gave his correct name and asked why he was stopped. Officer Milleson informed him it was because of the open container he was carrying, at which time he took the beer from Appellant. The Officer testified that, immediately after this, Appellant's hand appeared to go toward his right pocket. Officer Milleson asked Appellant to keep his hands in sight because he did not want him to reach into his pocket. Appellant complied with the request.
 {¶ 6} According to the Officer's testimony, during this exchange, Appellant acted anxious, "kind of fidgety, like he was looking for an out. I didn't know whether he was going to flee or possibly do something else." At that point, Officer Milleson informed Appellant that he was going to pat him down for safety reasons. When Officer Milleson placed his hands on Appellant's right pocket, he immediately felt an object which concerned him and asked Appellant what it was. "Then [Appellant] looked at me and said, `Crack.' And I said, `What'? He said, "It's crack cocaine." At that point, Appellant was secured with handcuffs. The officers then removed a large baggie from Appellant's pocket, containing approximately 7.7 grams of crack cocaine, and he was placed under arrest. Later, during questioning at the police station, Appellant admitted that the crack cocaine was his. *Page 4 
 {¶ 7} The Lawrence County Grand Jury indicted Appellant on one count of trafficking in cocaine and one count of possession of cocaine. Appellant filed a motion to suppress both the seizure of the crack cocaine from his person and his subsequent admission that it belonged to him. After a hearing on the issue, the trial court denied the motion. Appellant waived his right to a jury and the matter proceeded to trial. The trial court found him guilty on both counts and sentenced him to five years incarceration. On June 7, 2007, Appellant filed the current appeal.
 II. Assignment of Error {¶ 8} 1. THE TRIAL COURT ABUSED ITS DISCRETION AND DENIED APPELLANT DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE, SECTION TEN OF THE OHIO CONSTITUTION IN OVERRULING APPELLANT'S MOTION TO SUPPRESS EVIDENCE.
 III. Legal Analysis {¶ 9} In his sole assignment of error, Appellant contends the trial court erred in not suppressing evidence of the seizure of crack cocaine from his person. Similarly, he contends his statement to police, confirming that the drugs were his, should have been suppressed. Initially, we address the appropriate standard of review.
 {¶ 10} Appellate review of a motion to suppress presents a mixed question of law and fact. State v. Book, 165 Ohio App.3d 511, *Page 5 847 NE.2d 52, 2006-Ohio-1102, at 9; State v. Long (1998), 127 Ohio App.3d 328,332, 713 N.E.2d 1. In a motion to suppress, the trial court assumes the role of trier of fact and, as such, is in the best position to resolve questions of fact and evaluate witness credibility. State v.Burnside, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, at ¶ 8;State v. Mills (1992), 62 Ohio St.3d 357, 366, 582 N.E.2d 972. Appellate courts must accept a trial court's factual findings so long as competent and credible evidence supports those findings. State v. Metcalf(1996), 111 Ohio App.3d 142, 145, 675 N.E.2d 1268; State v. Harris
(1994), 98 Ohio App.3d 543, 546, 649 N.E.2d 7. A reviewing court then conducts a de novo review of the trial court's application of the law to the facts of the case. State v. Anderson (1995), 100 Ohio App.3d 688,691, 654 N.E.2d 1034.
 {¶ 11} In the case sub judice, Appellant contends that Officer Milleson, by making an investigatory stop, patting him down and removing the baggie of crack cocaine, violated his right to due process. In general, warrantless searches and seizures "are per se unreasonable under the Fourth Amendment — subject only to a few specifically established and well-delineated exceptions." Katz v. U.S. (1967),389 U.S. 347, 357, 88 S.Ct. 507, 19 L.Ed.2d 576. *Page 6 
 {¶ 12} In Terry v. Ohio, the U.S. Supreme Court ruled that one exception to the Fourth Amendment warrant requirement allows a police officer to conduct a brief investigative stop if the officer possesses a reasonable suspicion, based upon specific and reasonable facts, which, taken together with rational inferences from those facts, warrants the belief that criminal behavior is imminent. Terry v. Ohio (1968),392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889; see, also, United States v.Brignoni-Ponce (1978), 422 U.S. 873, 95 S.Ct. 2574, 45 L.Ed.2d 607;State v. Andrews (1991), 57 Ohio St.3d 86, 565 N.E.2d 1271. To justify such an investigative stop, the officer must be able to articulate specific facts that would warrant a person of reasonable caution in the belief that the person stopped is about to commit a crime.Terry at 21-22. Additionally, the officer must have reason to believe the individual is armed. ". . . [T]here must be a narrowly drawn authority to permit a reasonable search for weapons for the protection of the police officer, where he has reason to believe that he is dealing with an armed and dangerous individual, regardless of whether he has probable cause to arrest the individual for a crime. The officer need not be absolutely certain that the individual is armed; the issue is whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger." Id. at 27. "The propriety of an *Page 7 
investigative stop by a police officer must be viewed in light of the totality of the surrounding circumstances." State v. Bobo (1988),37 Ohio St. 3d 177, 178, 524 N.E.2d 489, quoting State v. Freeman (1980),64 Ohio St.2d 291, 18 O.O.3d 472, 414 N.E.2d 1044.
 {¶ 13} In the case at bar, considering the totality of the circumstances, we find the police officers were justified in making an investigative stop. The encounter with Appellant occurred in a high crime area, known as a center of drug trafficking. Appellant was in the company of Tyrone Black, who was wanted for drug activity from the previous night and for whom the police were actively searching. Further, the officers knew of Appellant's criminal history, including his involvement in illegal drugs. Additionally, and most obviously, the stop was justified because Appellant was carrying an open container of alcohol.
 {¶ 14} We also find Officer Milleson was justified in patting Appellant down in a search for weapons. "The right to frisk is virtually automatic when individuals are suspected of committing a crime, like drug trafficking, for which they are likely to be armed." State v.Evans, 67 Ohio St.3d 405, 413, 1993-Ohio-186, 618 N.E.2d 162. As previously stated, Appellant was in a high-crime area known for drug trafficking and officers were aware of his criminal history, including the fact he had just recently *Page 8 
been released from prison. Appellant did not initially comply with Officer Milleson's request to stop. His anxious behavior during the encounter led Officer Milleson to believe he was "looking for an out." Further, Appellant was known to have had a prior arrest for assaulting a police officer and Officer Milleson had just been warned that Appellant posed a significant danger. Considering all these factors, plus Appellant's furtive movement toward his right pocket, Officer Milleson reasonably concluded that a pat-down for weapons was necessary. "Where a police officer, during an investigative stop, has a reasonable suspicion that an individual is armed based on the totality of the circumstances, the officer may initiate a protective search for the safety of himself and others." State v. Bobo (1988), 37 Ohio St.3d 177, 524 N.E.2d 489, paragraph two of the syllabus.
 {¶ 15} Officer Milleson testified that during the pat-down, he discerned an object in Appellant's right pocket and when he asked what it was, Appellant told him it was crack cocaine. Appellant argues that under a Terry search standard, police officers are not justified in reaching into a suspect's pocket unless the officer reasonably believes the item located during the pat-down is a weapon and, thus, Officer Milleson had no authority to remove the cocaine from his person during his search. However, once Appellant admitted the object found during the pat-down *Page 9 
was cocaine, the Terry standard no longer applied. After Appellant admitted to possessing the drugs, Milleson obviously had probable cause to search for, remove and secure the crack cocaine. As such, we overrule Appellant's assignment of error.
 IV. Conclusion {¶ 16} We conclude there was competent, credible evidence to support the trial court's decision to overrule Appellant's motion to suppress. Considering the totality of the circumstances, the police were justified in making a Terry stop, frisking Appellant in order to search for weapons and, upon his admission of possession, removing the drugs from his person. Accordingly, we overrule the assignment of error and affirm the decision of the trial court.
 JUDGMENT AFFIRMED. *Page 10 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 Abele, P.J. and Kline, J.: Concur in Judgment and Opinion. *Page 1