[Cite as *State v. Gaona*, 2011-Ohio-5214.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | |
| GEORGE GAONA | : | Case No. 11-CA-27 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:         Appeal from the Licking County Court of
                                 Common Pleas, Case No. 10 CR 148



JUDGMENT:                        Affirmed




DATE OF JUDGMENT ENTRY:          October 7, 2011




APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

KENNETH OSWALT                            CRAIG M. JAQUITH
Licking County Prosecutor                 Assistant State Public Defender
20 South Second Street                    250 East Broad Street
Fourth Floor                              Suite 1400
Newark, OH  43055                         Columbus, OH 43215

*Farmer, J.*

{¶1} Appellant, George Gaona, was indicted on two counts of Having Weapons while under Disability, felonies of the third degree, in violation of R.C. 2923.13(A)(2). Trial Counsel for Appellant filed a motion to suppress evidence which was overruled following a hearing. Appellant then entered a plea of no contest to Count One of the indictment. The State dismissed Count Two of the Indictment. Appellant was sentenced to a term of two years of incarceration. A timely notice of appeal was filed.

{¶2} Counsel for Appellant has filed a Motion to Withdraw and a brief pursuant to *Anders v. California* (1967), 386 U.S. 738, rehearing den. (1967), 388 U.S. 924, indicating that the within appeal was wholly frivolous and setting forth one proposed Assignments of Error. Appellant did not file a pro se brief alleging any additional Assignments of Error.

{¶3} Counsel for Appellant raises the following potential assignment of error:

{¶4} "I. THE TRIAL COURT APPLIED AN INCORRECT LEGAL STANDARD REGARDING WARRANTLESS SEARCHES WHEN IT DENIED APPELLANT'S SUPPRESSION MOTION. ENTRY, DEC. 17, 2010."

{¶5} In *Anders,* the United States Supreme Court held if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then he should so advise the court and request permission to withdraw. Id. at 744. Counsel must accompany his request with a brief identifying anything in the record that could arguably support his client's appeal. Id. Counsel also must: (1) furnish his client with a copy of the brief and request to withdraw; and, (2) allow his client sufficient time to raise any matters that the client chooses. Id. Once the defendant's counsel satisfies

these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. Id.

{¶6} Counsel in this matter has followed the procedure in *Anders v. California (1967), 386 U.S. 738*, we find the appeal to be wholly frivolous and grant counsel's motion to withdraw. For the reasons which follow, we affirm the judgment of the trial court:

I.

{¶7} In his only assignment of error, Appellant argues the trial court used the incorrect standard in evaluating whether Appellant's motion to suppress should have been granted.

{¶8} While Appellant was on probation for a sex offense conviction in Texas, he requested to have his probation transferred to Ohio. Pursuant to his request to transfer his probation, Appellant executed a document titled, "Consent to Random Drug or Alcohol Testing and to Searches Based on Reasonable Suspicion." This document contained the following sentence, "I agree to consent to the search of my person, my residence and my belongings while under supervision in order to insure against violation of the terms of my parole, probation of other supervision."

{¶9} Upon the transfer of probation, Appellant was supervised by the Licking County probation department. A parole officer from Licking County attempted to locate Appellant at his residence on two occasions without success. The officer noticed the

mailbox was full of mail leading to the conclusion no one had been at the residence for some time to retrieve the mail.  Upon this discovery, a search of the residence was conducted. During the search, the parole officer found bullets. He also noticed Appellant's belongings had been removed supporting the conclusion Appellant had absconded.  A motion to suppress the evidence found during the search was filed by Appellant.  The trial court found Appellant waived his right to challenge any search by his probation supervisor based upon the execution of the consent to search form. Appellant argues the consent to search form required the existence of reasonable suspicion in order for the search to be valid.

{¶10}  Appellate review of a motion to suppress presents a mixed question of law and fact. *State v. Burnside,* 100 Ohio St.3d 152, 154–155, 797 N.E.2d 71, 74, 20030–Ohio–5372 at ¶ 8. When ruling on a motion to suppress, the trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and to evaluate witness credibility. See *State v.. Dunlap* (1995), 73 Ohio St.3d 308, 314, 652 N.E.2d 988; *State v. Fanning* (1982), 1 Ohio St.3d 19, 20, 437 N.E.2d 583. Accordingly, a reviewing court must defer to the trial court's factual findings if competent, credible evidence exists to support those findings. See *Burnside,* supra; *Dunlap,* supra; *State v. Long* (1998), 127 Ohio App.3d 328, 332, 713 N.E.2d 1; *State v. Medcalf* (1996), 111 Ohio App.3d 142, 675 N.E.2d 1268. However, once this Court has accepted those facts as true, it must independently determine as a matter of law whether the trial court met the applicable legal standard. See *Burnside,* supra, citing *State v. McNamara* (1997), 124 Ohio App.3d 706, 707 N.E.2d 539; See, generally, *United States v. Arvizu* (2002), 534 U.S. 266, 122 S.Ct. 744; *Ornelas v. United States* (1996), 517 U.S. 690, 116 S.Ct.

1657. That is, the application of the law to the trial court's findings of fact is subject to a *de novo* standard of review. *Ornelas,* supra. Moreover, due weight should be given "to inferences drawn from those facts by resident judges and local law enforcement officers." *Ornelas,* supra at 698, 116 S.Ct. at 1663.

{¶11} We find the trial court did not err in concluding Appellant consented to the search of his residence under the conditions which were present at the time of the search. For this reason, Appellant's assignment of error is overruled.

{¶12} For these reasons, after independently reviewing the record, we agree with counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal. Hence, we find the appeal to be wholly frivolous under *Anders,* grant counsel's request to withdraw, and affirm the judgment of the Licking County Court of Common Pleas. Costs to Appellant.


By Farmer, J.

Gwin, P.J. and

Delaney, J. concur.


 s/ Sheila G. Farmer_____

s/ W. Scott Gwin_____

 s/ Patricia A. Delaney_____

                    JUDGES


SGF/as 907

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| STATE OF OHIO | : | |
|---|---|---|
| Plaintiff-Appellee | : | |
| -vs- | : | JUDGMENT ENTRY |
| GEORGE GAONA | : | |
| Defendant-Appellant | : | CASE NO. 11-CA-27 |

For the reasons stated in our accompanying Memorandum-Opinion, counsel is granted leave to withdraw and the judgment of the Court of Common Pleas of Licking County, Ohio is affirmed.  Costs to appellant.

s/ Sheila G. Farmer_____

s/ W. Scott Gwin_____

s/ Patricia A. Delaney_____

JUDGES