[Cite as *State v. Hall*, **2023-Ohio-3869**.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| LEVI PRESTON HALL, | : | Case No. 2022 CA 0053 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Richland County
                                  Court of Common Pleas, Case No.
                                  2021 CR 0446 N




JUDGMENT:                         Affirmed




DATE OF JUDGMENT:                 October 25, 2023




APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

JODIE SCHUMACHER                          RANDALL E. FRY
Prosecuting Attorney                      90 Darby Drive
Richland County, Ohio                     Lexington, Ohio 44904


By: MARTIN I. NEWMAN
Assistant Prosecuting Attorney
38 South Park Street
Mansfield, Ohio 44902

*Baldwin, J.*

{¶1}    Appellant Levi Preston Hall appeals the trial court's denial of his motion to suppress. Appellee is the State of Ohio.

**STATEMENT OF THE FACTS AND THE CASE**

{¶2}    On February 21, 2021, the appellant's mother went to the Mansfield Police Department to request a well-being check on her son, the appellant. She spoke with Patrol Officer Joshua Adamescu, telling him that the appellant had been using methamphetamine for days, had been up for days, had knives with which he had been chasing people around the house, and that she was very concerned for her safety, her husband's safety, and the appellant's safety. She also told officers that the appellant said he "wanted to go out like Kenneth Cherry," who was killed when he charged police officers while brandishing a knife.

{¶3}    Officer Adamescu and Officer Moore proceeded to 399 Hammond Avenue, in the City of Mansfield, where the appellant resided with his father. The appellant's father, the owner of said residence, met the officers outside and told them that the appellant was inside, the appellant had been using methamphetamine, the appellant brought strange people into the residence, the appellant had knives, slept with an ax at night and that he was scared for his own safety in light of the appellant's behavior. The appellant's father gave the officers permission to enter the residence.

{¶4}    Officer Adamescu met the appellant at the threshold of the back door. The appellant attempted to slam the door, but Officer Adamescu used his foot to prevent the door from shutting completely, entered the home, and saw that the appellant held a butcher knife. The appellant threw the knife into the sink and ran. Officer Adamescu

advised the appellant to stop; the appellant failed to heed Officer Adamescu's warning and was thereafter tased, to no effect. The appellant shut himself in a bedroom and barricaded the door with his body. Officer Moore, who was still outside the home, could see the appellant through a window and saw that he was holding a knife. Officer Adamescu kicked in the bedroom door, and the appellant fell backward, dropping the knife.

{¶5} Officer Adamescu entered the bedroom, which was filled with knives, a long sword, a machete, an ax, and other sharp objects. The appellant stood up, right over the knife. Officer Adamescu ordered the appellant to the ground. The appellant started to go down towards the ground, but then lunged towards a knife. However, Officer Adamescu and Officer Moore, who had entered the room by that time, were able to apprehend the appellant before he grabbed the knife.

{¶6} The appellant was arrested for obstruction and resisting. He was searched incident to said arrest, at which time officers found a baggie in his sweatshirt pocket of what was later confirmed to be methamphetamine.

{¶7} The appellant was indicted on one count of aggravated possession of drugs in violation of R.C. 2925.11(A) and (C)(1)(a), a felony of the fifth degree. The appellant was released on a personal recognizance bond. A bench warrant was issued for his arrest after he failed to appear for his August 30, 2021 arraignment. The appellant was ultimately arraigned on February 11, 2022, at which time he pleaded not guilty.

{¶8} On May 24, 2022, the appellant filed a motion for leave to file a motion to suppress, which the trial court granted. A hearing on the appellant's motion to suppress

was conducted on June 23, 2022. Officer Adamescu testified, and a number of exhibits were submitted by the appellee.

**{¶9}** On July 1, 2022, the trial court issued a judgment entry denying the appellant's motion to suppress. The trial court specifically found as follows: that the appellant's mother had requested a well-being check of the appellant because he had been doing methamphetamines for some time, had not slept for days, and was chasing people throughout the house with knives; that Officer Adamescu went to the residence, and was met by the appellant's father, who owned the home and gave officers permission to enter the premises; that officers observed the appellant with a knife, at which time he ran from them; that the appellant was thereafter arrested, whereupon a search of his person revealed the drugs giving rise to the charge set forth in the indictment; and finally, that Officer Adamescu, who was the only witness to testify during the hearing, was a credible witness, that officers had probable cause to enter the residence, that the appellant's actions were more than sufficient to exceed probable cause for the arrest and search, and that the search incident to the arrest was proper. Based upon these findings, the trial court denied the appellant's motion to suppress. The matter thereafter proceeded to jury trial, at which the defendant was found guilty.

**{¶10}** The appellant filed a timely notice of appeal, and sets forth the following sole assignment of error:

**{¶11}** "I. THE TRIAL COURT ERRED IN DENYING THE APPELLANT'S MOTION TO SUPPRESS."

**{¶12}** The appellant submits that the trial court erred in denying his motion to suppress, arguing that the evidence found on the appellant's person was not the result of a lawful search. We disagree.

### STANDARD OF REVIEW

**{¶13}** Appellate review of a motion to suppress presents a mixed question of law and fact. *State v. Burnside,* 100 Ohio St.3d 152, 154–155, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. When ruling on a motion to suppress, the trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and to evaluate witness credibility. See *State v. Dunlap,* 73 Ohio St.3d 308, 314, 652 N.E.2d 988 (1995); *State v. Fanning,* 1 Ohio St.3d 19, 20, 437 N.E.2d 583 (1982). Accordingly, a reviewing court must defer to the trial court's factual findings if competent, credible evidence exists to support those findings. See *Burnside,* supra; *Dunlap,* supra; *State v. Long,* 127 Ohio App.3d 328, 332, 713 N.E.2d 1 (4th Dist.1998); *State v. Medcalf,* 111 Ohio App.3d 142, 675 N.E.2d 1268 (4th Dist.1996). However, once this Court has accepted those facts as true, it must independently determine as a matter of law whether the trial court met the applicable legal standard. See *Burnside,* supra, citing *State v. McNamara,* 124 Ohio App.3d 706, 707 N.E.2d 539 (4th Dist.1997); See, generally, *United States v. Arvizu,* 534 U.S. 266, 122 S.Ct. 744, 151 L.Ed.2d 740 (2002); *Ornelas v. United States,* 517 U.S. 690, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996). That is, the application of the law to the trial court's findings of fact is subject to a *de novo* standard of review. *Ornelas, supra.* Moreover, due weight should be given "to inferences drawn from those facts by resident judges and local law enforcement officers." *Ornelas,* supra at 698, 116 S.Ct. at 1663.

**ANALYSIS**

{¶14} Generally, warrantless searches are per se unreasonable without prior approval by a judge or magistrate, subject to only a few specific exceptions. *Arizona v. Gant,* 556 U.S. 332, 338, 129 S.Ct. 1710, 173 L.Ed.2d 485 (2009), citing *Katz v. United States,* 389 U.S. 347, 357, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). One such exception is a search incident to a lawful arrest.  The search incident to a lawful arrest exception has two rationales: officer safety, and "safeguarding evidence that the arrestee might conceal or destroy." *State v. Adams,* 144 Ohio St.3d 429, 2015-Ohio-3954, 45 N.E.3d 127, ¶ 182, citing *Gant* at 338–339, 129 S.Ct. 1710.

{¶15} Officer Adamescu testified at the motion to suppress hearing that the appellant was arrested for obstruction and resisting. R.C. 2921.31 defines obstructing official business, and states that no person, with the purpose to prevent, obstruct, or delay the performance by a public official of an authorized act within the public official's official capacity, shall do any act that hampers or impedes the performance of the official's lawful duties. Officers Adamescu and Moore were engaged in the official business of conducting a wellness check within their official capacity as law enforcement officers. The appellant ran from the officers, barricaded himself in a room with a variety of sharp objects that could inflict harm, and started to lunge towards a knife when officers ordered him to the ground. The evidence clearly demonstrates sufficient grounds to lawfully arrest the appellant for obstruction.

{¶16} Further, R.C. 2921.33 defines resisting arrest, and provides that no person, recklessly or by force, shall resist or interfere with a lawful arrest of the person, and provides further that no person shall resist or interfere with the lawful arrest of the person

if the offender, during the course of the resistance or interference, brandishes a deadly weapon. The evidence clearly demonstrates sufficient grounds to lawfully arrest the appellant for resisting arrest - he brandished a knife, dropped it upon the Officer Adamescu's entry into the room, and then lunged towards a knife as he was ordered to the ground during his arrest.

{¶17} Officers searched the appellant's person incident to his arrest. Their search of the appellant was reasonable, particularly in light of concerns for the officers' safety given the plethora of sharp objects that were in the room in which the appellant had barricaded himself just prior to his arrest.

{¶18} We find that competent, credible evidence exists to support the findings of the trial court. We find further that the trial court's findings established that officers had sufficient grounds to arrest the appellant and conduct a search incident to that arrest. The facts in this case support the appellant's arrest for obstruction and resisting, and the officers' search of the appellant incident to that arrest was reasonable.

{¶19} The appellant's assignment of error is without merit and is therefore overruled. The decision of the Richland Court of Common Pleas is hereby affirmed.

By: Baldwin, J.

Gwin, P.J. and

Hoffman, J. concur.